GOVERNMENT OF THE VIRGIN ISLANDS

v.

PATROLMAN LUIS OSORIO, Appellant

Criminal No. 7-1971

District Court of the Virgin Islands

Div. of St. Croix

November 3, 1971

JOSEPH TARGIA, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for plaintiff*

ALEXANDER FARRELLY, ESQ., St. Thomas, V.I., *for defendant*

YOUNG, *Judge*

## MEMORANDUM OPINION

Appellant, LUIS OSORIO, was tried by the Municipal Court on a complaint charging aggravated assault and battery (14 V.I.C. § 298), and Oppression (14 V.I.C. § 703). He was tried by the Court and found guilty of Simple Assault (14 V.I.C. § 299) and Oppression. At trial he was represented by counsel. He appeals his conviction on the grounds that (1) he was denied his constitutional right to a trial by jury; (2) the record, failing to support a conviction of aggravated assault and battery, a fortioari cannot support a conviction for oppression and (3) the imposition of the maximum penalty constitutes cruel and inhuman punishment. Since I find that appellant was denied his constitutional right to trial by jury, I make no findings with regard to the other alleged errors. However, I do reserve the right and recognize my duty to consider those issues in this appeal in the event that, on the remand, as more fully explained herein, the defendant waives his right to a new trial.

Prior to August 23, 1968, it was the settled law that the right to trial by jury is not among the fundamental rights granted under the Constitution to the people of unincorporated territories. Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128 (1903). That principle was reiterated in Government of the Virgin Islands v. Rijos, 6 V.I. 475 (1968), where the court noted:

"All aspects of the Constitution do not *ex proprio vigore* become operative in the territories, but require positive Congressional action in order for the Constitution to fully apply." Id. at 481.

Since the right to trial by jury is not fundamental in nature but only a method of procedure, Hawaii v. Menkichii, 190 U.S. 197, 47 L.Ed. 1016 S.Ct. 989 (1903), Congressional action was required in order to extend this constitutional protection to the Virgin Islands. Nor was this issue resolved, as appellant argues, by Section 26 of the Revised Organic Act of the Virgin Islands, which refers only to cases originating in the District Court, which this case clearly is not.

Be that as it may, Congress has now extended to the unincorporated territory of the Virgin Islands the protection of the Sixth Amendment guarantee of the right to trial by jury. [Virgin Islands Elected Governor Bill, 82 Stat. 837, 841, 48 U.S.C. 1561.] Congress also extended to the Virgin Islands the protection of the Due Process Clause of the Fourteenth Amendment thereby ensuring the right of jury trial in all criminal cases which, were they to be tried in a federal court, would come within the Sixth Amendment's guarantee. Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

Two years after the Duncan decision (supra), the Supreme Court in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), held that trial by jury is available in criminal offenses where the possible

penalty exceeds six months. Since the Sixth Amendment is applicable to the various States of the Union under the Fourteenth Amendment, Duncan (supra) it follows that the holding of Baldwin (supra) is likewise applicable. In this era, the dawning of the Age of Aquarius, it is only fitting that the right to trial by jury be made available to defendants initially prosecuted in the Municipal Court on non petty offenses.

Although the government concedes that the defendant was entitled to be tried by a jury, it now argues in its brief (and in oral argument), that the defendant, having failed to demand the jury trial, did, in fact, waive such right. Its reasoning follows these steps: (1) the Municipal Court procedure must conform as nearly as possible to the District Court procedure "in like cases" [5 V.I.C. App. IV, rule 7]; (2) this is a "like case" since, for the offenses charged, the District Court has concurrent jurisdiction [4 V.I.C. 74]; (3) the procedure in the District Court would require the defendant to have demanded the trial by jury in order that he be given a jury trial [3 V.I.C. 26]; and, by failing to have made such a demand, the defendant waived his right and is now precluded from the relief being sought in this appeal. I do not agree.

A waiver of fundamental constitutional rights is of such dramatic import that the court cannot, in considering the surrender of such rights, presume acquiescence from silence. Every reasonable presumption should be against a waiver and any doubts about the waiver of a constitutional right must be rendered in favor of the accused. In Johnson v. Zerbst, 304 U.S. 458, 58 Sup.Ct. 1019 (1937), the late Mr. Justice Black stated that a waiver must have been knowingly and intelligently made. The record below does not indicate the actual making of a waiver and it cannot be presumed from a silent record.

Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1968).

In a similar situation, the appellate court in Illinois commented:

"We will therefore not presume that the waiver of so basic a right has been intelligently and understandingly made from a record that does not reflect the questions regarding the waiver and the responses thereto."

People v. Rosen 261 N.E.2d 488, at page 490 (Ill. App. 1970).

 The Government further contends, and I agree, that the demand for a jury trial is not such a burdensome procedure that it would prejudice a defendant's rights. However, this is wide of the issue at bar. Rule 12 of the Rules of the District Court requires that the demand, if made, shall be made not less than five days before the date set for trial. Such a procedural demand can be made only after the accused is advised of his right to the jury demand. One cannot demand that which he has a right to demand unless he knows or has been advised of that right. I hold, therefore, that whether the defendant is represented by counsel or not, where the right exists, it is the trial judge's responsibility to advise the defendant of that right and to insure that the waiver of the right is knowingly and understandingly made. People v. Brownlow, 252 N.E.2d 685 (Ill. App. 1969).

The guidelines suggested in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) are those to which the Municipal Court would be well advised to adhere:

"Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases, the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the

right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." Id. at 312, 313.

■ This opinion does not hold that the Municipal Court is now responsible for holding jury trials. Congress and the Legislature of the Virgin Islands may some day see fit to provide jury trials within the Municipal Courts for non petty criminal offenses. However, until such procedural change is provided, all non petty criminal prosecutions, where the defendant is entitled to and demands a jury trial, must be transferred to the District Court for trial by jury.

The case is remanded to the Municipal Court with instructions to advise the defendant of his right to have a jury trial and to grant a new trial, but only if the defendant elects to be tried by a jury, in which event, the action will be returned to this Court for the jury trial. If the defendant, for some reason of his own, waives the right to a jury trial, this action forthwith will be returned and this Court will then proceed to consider the other issues raised by the defendant on this appeal.