John **TAXIN** and Bernard Taxin, trading as John Taxin Co., Plaintiffs,

v.

**FOOD FAIR STORES, INC.**, et al., Defendants.

Civ. A. No. 26987.

United States District Court
E. D. Pennsylvania.

Dec. 14, 1959.

---

458

Lester J. Schaffer, Philadelphia, Pa., for plaintiffs.

Harry Shapiro, Harold E. Kohn, Philadelphia, Pa., for defendants.

WOOD, District Judge.

The issues presently before the Court are (1) whether the defendants' request for a separate trial on certain issues, preliminary to the trial of the main case, should be granted, and (2) if a separate trial is ordered, whether factual questions presented therein should be determined by the Court or by a jury.

This is a private antitrust suit. Plaintiffs complain that defendants have conspired to restrain trade in and monopolize the distribution and sale of fresh fruits and vegetables in the Philadelphia area, and that as a result, the defendants have destroyed plaintiffs' wholesale fruit and vegetable business.

Defendants deny plaintiffs' allegations. In addition, defendants contend (1) that the statute of limitations bars recovery based upon anything occurring before September, 1954, and (2) that a general release executed by plaintiffs on March 28, 1958 bars recovery based upon any liability which defendants theretofore might have had to plaintiffs.

Plaintiffs' reply that the statute of limitations should not be applied in this case in the way defendants contend, and that the release is invalid.

The validity of the release is at present the major issue in this case.

Plaintiffs attack the validity of the release on two grounds. First, plaintiffs allege that the release was obtained by fraud. According to plaintiffs, the defendants orally promised to give plaintiffs $500,000 worth of business per year if plaintiffs would execute the release, but defendants never intended to carry out that promise, and have consistently refused to carry it out. Due to this fraud, plaintiffs argue that the release may be avoided. Second, plaintiffs allege that the release was obtained as "part and parcel of the conspiracy," and that the release is void on this ground alone.

The defendants demand that the question of the validity of the release

be tried separately, in advance of the main case, and by the Court without a jury. The plaintiffs do not want a separate trial; but if one is granted, they demand a trial by jury of the factual questions therein. Plaintiffs resist the separate trial, arguing that the evidence necessary to prove the release invalid is the same as the evidence necessary to prove their case in general. This argument is based solely on the second ground of attack on the validity of the release. In other words, plaintiffs say, that in order to prove the release was obtained as "part and parcel of the conspiracy," they would have to prove the conspiracy, which is the very backbone of their main case.

■ We think that a separate trial of these issues would serve the convenience of all parties to this suit and also the convenience of the Court.

Clearly the evidence necessary to determine the issue of fraud is different from the evidence necessary to determine the issues in the main case. With regard to the evidence necessary to determine the issue of whether the release was obtained as "part and parcel of the conspiracy," plaintiffs will not be limited in their presentation of evidence to support this argument. However, we observe preliminarily that if it is determined that the release was not obtained by fraud, then we think its validity will have been established. We do not understand how proof of the allegation that the release is "part and parcel of the conspiracy" could detract from its validity. Nevertheless, as we pointed out above, plaintiffs will be free to develop this argument at the separate trial.

Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C., gives us discretion to order a separate trial of any issue in a case "in furtherance of convenience or to avoid prejudice." If the release, or the statute of limitations, or both, are found to bar or to cut down the scope of plaintiffs' action, the arduous and expensive preparations necessary for trying the main case will have been avoided. On the other hand, if the separate trial does not cut down or bar plaintiffs' case, none of the parties will have been prejudiced by having had these issues determined in advance of the main case.

■ The attorneys have prepared excellent briefs for our guidance in deciding whether or not factual questions as to whether there was fraud in obtaining this release should be decided by the Court or a jury. After considering the arguments of counsel, we have concluded that these questions should be determined by a jury.

The attorneys have directed their arguments on this point to the question of whether or not the plaintiffs have a constitutional guarantee of a trial by jury on the question of procurement of a release by fraud. Rule 38 of the Federal Rules of Civil Procedure provides: "The right of trial by jury as declared by the Seventh Amendment to the Constitution * * * shall be preserved to the parties inviolate." The legal question to be decided, therefore, is whether the issue of fraud involved here is an issue which was traditionally triable by a jury at the time of the 7th Amendment. The authorities are not in agreement on the answer to this question. The cases are collected in Volume 43 A.L.R.2d at page 786 et seq. We observe briefly that the trend is toward granting a jury trial on this kind of issue.[1] However, we do not rest our decision to grant a

[1] The Third Circuit has, to some extent, taken the position that the issue of fraud in the procurement of a contract is an issue for the jury. See Ettelson v. Metropolitan Life Insurance Company, 3 Cir., 137 F.2d 62. See also an excellent opinion, in which all the legal intracacies of this problem are fully explored by Chief Judge Leahy of the Delaware District Court. Canning v. Star Publishing Company, D.C.Del.1956, 138 F.Supp. 843.

**460**

jury trial in this case on the plaintiffs' constitutional rights.

We base our decision to award a jury trial in this case on our discretion as a Court of equity to submit any questions of fact to a jury.[2] There is no principle of law, nor any constitutional guarantee, which requires us to try an issue without a jury.[3] We base the exercise of our discretion in this matter on our belief that the questions of fact to be determined in the separate trial are best answered by a jury. In other words, answering them may involve the resolving of conflicting testimony. The facts to be established or disaffirmed are uncomplicated and few in number.

### Order

Now, therefore, this 14th day of December, 1959, it is ordered that a jury be empaneled to serve on February 15, 1960. On that date, a separate trial will be held in which the parties may present evidence and arguments on the following questions: (1) The effect of the statute of limitations on the plaintiffs' action; (2) whether the release is void because it was obtained as "part and parcel of the conspiracy"; (3) whether the release is voidable because it was procured by fraud. With regard to the third question, the jury will determine (a) whether or not the defendants orally promised to give plaintiffs $500,000 worth of business a year in exchange for the release; (b) whether the defendants at the time of making the alleged promise intended to carry it out; and (c) whether the plaintiffs reasonably relied upon the alleged promise in signing the release.

All discovery necessary for preparation of trial on these issues shall be completed before February 8, 1960.

---

**2.** " * * * A court of equity has power to frame issues and to submit them to a jury * * *. The court may send any portion of the issues of fact to a jury, submitting such issues as it desires to be advised on * * *. Whether or not a court of equity will exercise its power to submit issues in a particular case is a matter of discretion." 30 C.J.S. Equity § 495. "While issues of fact may be submitted to a jury in response to a motion or demand by a party to the cause * * * the court may direct a submission of its own motion." Id., § 498.

**3.** See Hurwitz v. Hurwitz, 1943, 78 U.S. App.D.C. 66, 136 F.2d 796, at page 798, 148 A.L.R. 226, where the court said: "A defendant has no constitutional right to a trial by the court without a jury. The jury may render a verdict on equitable issues which the court may use as an advisory aid in making findings of fact."