GOVERNMENT OF THE VIRGIN ISLANDS

v.

RAPHAEL PARROTT, Appellant

No. 71-1934

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed April 18, 1973

---

JOSEPH L. COSTELLO, ESQ. (BRYANT & COSTELLO), Christiansted, St. Croix, V.I., *for appellant*

GARY P. NAFTALIS, ESQ., Special Assistant U.S. Attorney, New York, N.Y., *for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

### OPINION OF THE COURT

MARIS, *Circuit Judge*

 This is an appeal by the defendant from a judgment of the District Court of the Virgin Islands convicting him of robbing one Howard Hambler of a sum of money. The offense was committed in the evening when Hambler was walking with two companions on the Long Bay Road in the vicinity of the Paul M. Pearson Gardens in St. Thomas. The defendant did not demand a jury trial and the case was tried to the judge alone. The defendant was identified in court by Hambler and by one Samuel Davis who lived in Pearson Gardens, knew the defendant and who came to Hambler's assistance at the time of the robbery. The defendant testified that during the evening in question he was playing basket ball in Pearson Gardens, was later playing cards there and at the time of the robbery was in a nearby restaurant. He produced a number of witnesses who testified that they were with, or saw, or spoke to him at various times on the evening in question. Concluding that the government witnesses were credible, that there were conflicts in the testimony of the defendant and his witnesses, and that in any event the defendant under his own evidence could have committed the robbery, the trial judge found the defendant guilty beyond a reasonable doubt of the offense charged and entered the judgment of conviction here appealed from.

On this appeal the defendant contends that the trial judge's finding of guilty was not supported by the evidence. It is argued that the defendant's evidence that he was elsewhere when the crime was committed raised a reasonable doubt which required a finding of not guilty. Our consideration of the evidence which was before the trial judge satisfies us, however, that it amply supports the finding of guilty. The "elsewhere" where the defendant claims to have been and where his witnesses said they saw him, was in fact in the immediate vicinity of the scene of the robbery, which he could have committed without absenting himself for any substantial period of time from the places where he claimed to have been. We find no merit in the contention of the defendant that the evidence did not support his conviction.

■■ The defendant further contends, a contention asserted for the first time on this appeal, that he was denied the right to a jury trial because he was not accorded such a trial although he did not expressly waive it in the manner prescribed by Rule 23(a) of the Federal Rules of Criminal Procedure.[1] Admittedly he did not demand such a trial, as is required by section 26, as amended,[2] of the Revised Organic Act of the Virgin Islands. The question is thus squarely raised as to whether the procedure for determining whether or not the defendant desires to exercise his right to a jury trial in a criminal case in the District Court of the Virgin Islands is governed by Rule 23(a), F.R.Cr.P., or by section 26 of the Revised Organic Act.

[1] "Rule 23. Trial by Jury or by the Court
(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

[2] "All criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury, except that the judge may, on his own motion, order a jury for the trial of any criminal action. The legislature may provide for trial in misdemeanor cases by a jury of six qualified persons." 48 U.S.C.A. § 1616.

It is clear that whatever may have been the situation in the Virgin Islands prior to 1968,[3] section 11 of the Act of August 23, 1968, 82 Stat. 837, 841, by extending the Sixth Amendment to the Constitution of the United States to the territory conferred upon persons accused of crimes triable in the District Court of the Virgin Islands the right to trial by jury. It is equally clear that this right is a privilege which need not be invoked if the accused does not desire to do so. Patton v. United States, 1930, 281 U.S. 276; Adams v. United States ex rel. McCann, 1942, 317 U.S. 269.

The question before us, however, is not the existence of the right to trial by jury but rather the procedure by which an accused may exercise his option whether or not to invoke the right. One form of procedure would be to require the accused desiring to enjoy the right to a trial by jury to demand it of the court and to assume in the absence of such a demand that he does not desire a jury trial. This is the procedure provided by section 26 of the Revised Organic Act. Another approach would be to require the accused who does not desire to exercise the right to a jury trial so to state to the court and to assume in the absence of such a statement that the accused desires such a trial. This, of course, is the procedure provided by Rule 23(a) of the Federal Rules of Criminal Procedure.

The question accordingly comes down to whether Rule 23(a), F.R.Cr.P., or section 26 of the Revised Organic Act controls the procedure in this regard in the District Court of the Virgin Islands. Rule 23(a) was one of the original rules of criminal procedure which were adopted by the Supreme Court on December 26, 1944, pursuant to the Act of June 29, 1940, 54 Stat. 688, which was subsequently codified in Title 18, U.S.C., as § 3771. By Rule 54(a)(1) the

---

[3] For a discussion of this see Government of the Virgin Islands v. Bodle, 3 Cir. 1970, 427 F.2d 532, footnote 1.

rules were made applicable, inter alia, to the District Court of the Virgin Islands.

The Revised Organic Act of the Virgin Islands was enacted by the Act of July 22, 1954, 68 Stat. 497. Section 26 of the Act in its original form carried forward the provisions of section 31 of the Organic Act of 1936, 43 Stat. 1814, in substantially their original form. Section 26 was amended, however, by section 8 of the Act of August 28, 1958, 72 Stat. 1095. In its amended form, the section was drastically rephrased so as to make perfectly clear that a defendant would receive a jury trial if he demanded it. That it was the intention of Congress to clarify this appears from the legislative history.[4] The procedural rule embodied in Rule 23 (a) of the Federal Rules of Criminal Procedure, having been adopted by the Supreme Court pursuant to Congressional authority, was subject to being repealed, amended or superseded in whole or in part by Congress as well as by the Court. Hawkins v. United States, 1958, 358 U.S. 74, 78. We think that this is exactly what has happened here and that by the Congressional amendment in 1958 of section 26 of the Revised Organic Act the procedural provisions of that section have superseded, for the District Court of the Virgin Islands, the earlier provisions of Rule 23(a), F.R.Cr.P. The provisions of section 26 as amended thereby became the Congressionally established procedure under which an accused in the Virgin Islands invokes his right to a trial by jury.

The procedure thus established by Congress for the Virgin Islands, namely, that the duty is laid upon the accused to ask for a jury trial if he desires one, appears to be quite appropriate for the territory in view of the fact that the use of a jury in the trial of criminal cases is of com-

---

[4] Senate Report No. 2267, 85th Congress, 2d session, on H.R. 12303, which was enacted as the Act of August 28, 1958, states with respect to section 8:
 "Section 8 clarifies section 26 of the Revised Organic Act of the Virgin Islands which concerns the right to trial by jury in criminal cases."

paratively recent origin in the Islands. There is no ancient or deep-seated tradition that jury trial is the usual and preferred method of trial, as is true in the continental United States. On the contrary, the use of a jury in criminal cases appears to have been first introduced in the Virgin Islands by the Municipal Codes of 1920 and 1921,[5] and then only for felony cases if demanded by the accused. Prior to that time and in the time of Danish rule the use of juries was unknown and criminal trials were by the presiding judge alone or with associate lay judges.[6] This would appear to have been a not impermissible procedure.[7] And we may take judicial notice of the fact that even after jury trials became permissible their use was the rare exception until quite recently and even today a great many criminal cases continue to be tried to the judge alone in accordance with the older tradition.

We recognize that the right to a jury trial under the Sixth Amendment is not effectively waived unless there is a knowing and intelligent waiver of such right by the defendant himself, as required in Johnson v. Zerbst, 304 U.S. 458 (1938). See also Boykin v. Alabama, 395 U.S. 238, 243 (1969); Adams v. United States ex rel. McCann, 317 U.S. 269, 280–81 (1942); Patton v. United States, 381 U.S. 276, 312–13 (1930). We are in no way persuaded that the traditional Virgin Islands practice now codified in section 26 is inconsistent with the constitutional requirement

---

[5] Code of Laws of the Municipality of St. Croix, approved June 15, 1920, effective August 1, 1920, Title V, Chap. 12, Sec. 1; Code of Laws of the Municipality of St. Thomas and St. John, approved March 17, 1921, effective July 1, 1921, Title V, Chap. 12, Sec. 1.

[6] See Soto v. United States, 3 Cir. 1921, 273 Fed. 628.

[7] Palko v. Connecticut, 1937, 302 U.S. 319, 325:
". . . The right to trial by jury and the immunity from prosecution except as the result of an indictment may have value and importance. Even so, they are not the very essence of a scheme of ordered liberty. To abolish them is not to violate a 'principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' . . . Few would be so narrow or provincial as to maintain that a fair and enlightened system of justice would be impossible without them."

that a waiver be knowing and intelligent. In Johnson v. Zerbst, the Court said, *inter alia*: "The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background experience and conduct of the accused." 304 U.S. at p. 464.

We believe that the procedure now assured by the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A, under which every defendant in the District Court of the Virgin Islands who cannot afford to retain counsel is provided with counsel at the expense of the United States, will in most cases result in knowledge by the accused that he has the right to request a jury trial and must make such request. Thus, with the rarest exceptions,[8] every person accused of crime who appears in the district court has the benefit of the advice of counsel who, of course, knows of his client's basic right to a jury trial and should clearly and positively inform him of it, so that it may be decided whether or not, as a matter of trial strategy, the right should be demanded.

On the record in the present case, defendant does not allege that he did not know of his right to a jury trial and that he was not in a position to make an informed choice. He was advised by a lawyer of his choice, the late Francisco Corneiro, one of the ablest members of the Virgin Islands bar, who was a former United States Attorney and Attorney General of the territory. Under these circumstances, he has no grounds to complain that he did not receive the jury trial for which he did not ask.

The defendant's remaining contentions are so wholly without merit as to require no discussion.

The judgment of the district court will be affirmed.

---

[8] In the case of those rare defendants who choose to defend themselves without counsel, the district court should, of course, inform them of their right to demand a jury trial.