GOVERNMENT OF THE VIRGIN ISLANDS

v.

EDWIN RUSSELL, JR., Appellant

No. 72-2031

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed April 18, 1973

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for appellant*

MARY W. MERCER, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This is an appeal by the defendant from a judgment of the District Court of the Virgin Islands, 9 V.I. 144, affirming, on appeal from the municipal court, his conviction in

that court on a charge of aggravated assault and battery upon a police officer. The defendant asserted in the district court and asserts here that he was denied the right to a jury trial by the municipal court. Admittedly, he did not demand such a trial, a demand which, if made, would have required the transfer of the case to the district court for trial, since jury trials are not held in the municipal court.

The defendant was represented by counsel in the municipal court, as he has been in all later stages of the case. It seems clear from the record that his counsel and he were aware of his right to a jury trial since immediately after sentence his counsel moved for dismissal of the case on the ground that this right had been denied. As the district court said in its opinion on appeal (9 V.I. at p. 147), "This promptitude suggests, far more than a mere silent record would do, that the defense was at all times cognizant of its right to a jury trial upon demand."

The defendant urged in the district court and urges here that the district court should have applied to his case the rule which it had announced in the case of Government of the Virgin Islands v. Osorio, 1971, 8 V.I. 596, which was also an appeal from the municipal court. In the Osorio case the district court held that it was the duty of the judge of the municipal court, in the kind of a criminal case in which the defendant would be entitled to demand a jury trial, to advise the defendant of his rights in that regard even though he was represented by counsel. The district court in the present case held that the rule of the Osorio case would not be applied retroactively here.

In Government of the Virgin Islands v. Parrott, 1973, 10 V.I. 564, 476 F.2d 1058, this court held that in order to obtain a jury trial in the Virgin Islands it is necessary for the defendant to make demand therefor as provided by section 26 of the Revised Organic Act and that only if the defendant is not represented by counsel is it necessary for

573

the court to inform him of his right to a jury trial upon demand. When a member of the bar in good standing has been retained or appointed to represent the defendant, that lawyer may be relied upon by the court to inform his client of his rights. Indeed, this is one of the principal purposes of his retainer or appointment. In this regard we do not agree with the view taken by the district court in the Osorio case or with the rule announced in that case, except in those cases in which the defendant is not represented by counsel.

Rule 7 of the Rules Governing the Municipal Court provides that the practice and procedure in that court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or the rules to the contrary. A charge of a misdemeanor such as is here involved is a like cause since the district court has concurrent jurisdiction of it under sections 22 and 23 of the Revised Organic Act and 4 V.I.C. §§ 32, 74. The procedure of the district court in this connection is specified by its Rule 12 and is that the defendant must file a written demand for a jury not less than five days before the date set for the trial if he desires a jury trial. This requirement can be complied with by a defendant who is represented by counsel as readily in the municipal court as in the district court. If such a demand is filed in the municipal court the case must, of course, thereafter be transferred to the district court for trial since the municipal court is not presently authorized by law to conduct jury trials.

In the case before us the defendant, although represented by counsel, did not demand a jury trial as he was required to do if he desired such a trial. The court was, therefore, entitled to proceed on the assumption that he was satisfied with a trial by the judge of the municipal court. It follows that the municipal court did not err in denying the defendant's motion, made immediately after sentence, to dismiss the proceedings for failure to grant him a jury

trial and that the district court rightly affirmed the judgment of the municipal court.

The judgment of the district court will be affirmed.