**CLARICE COMMISSIONG, Plaintiff**

v.

**GILBERT COMMISSIONG, Defendant**

Family No. 544/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 7, 1978

SAMUEL HALL, ESQ., St. Thomas, V.I., *for plaintiff*

WILLIAM BAILEY, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Judge*

## MEMORANDUM OPINION

This matter came on for hearing on February 16, 1978, on plaintiff's motion for reconsideration of this Court's order transferring this action to the District Court of the Virgin Islands for trial by jury on the question of the breakdown of the marital relationship.

### I.

Plaintiff filed her complaint on July 6, 1977, praying, inter alia, for a decree of divorce absolute against defendant, for custody of the minor child born of the marriage, and for support for herself and said child. Defendant was personally served on July 12, 1977.

By stipulation dated August 3, 1977, and filed August 16, 1977, counsel for both parties agreed to extend the time for answering to August 22, 1977. Based on this stipulation, leave was granted to defendant by the Court to file his answer out of time. In his answer defendant denied that there was a breakdown of the marriage and prayed for a dismissal of the complaint.

This matter was set down for hearing on September 21, 1977. On that date, defendant for the first time orally demanded a trial by jury. This demand was objected to by plaintiff and the Court directed counsel to submit memoranda in support of their positions.[1] On October 5, 1977, a letter was filed by counsel for the plaintiff requesting the Clerk of the Court to reschedule a hearing on the com-

---

[1] Counsel for the defendant was directed to submit his memorandum no later than September 28, 1977, and counsel for the plaintiff was to file his response no later than October 5, 1977.

plaint since no memorandum had been filed by defendant. On October 7, 1977, defendant filed his memorandum in support of his demand for trial by jury citing 5 V.I.C. § 321[2] as his authority. On the same date, defendant also filed an amended answer in which he reduced to writing his demand for a trial by jury. On October 19, 1977, counsel for plaintiff filed his response to defendant's memorandum in which he argued principally that defendant had no right to a trial by jury and, even if he did have such a right, it was waived since the demand for a jury trial was not timely made.[3]

On October 31, 1977, defendant filed a request for a two-week extension of time to file a reply to plaintiff's memorandum in opposition to his demand for a jury trial stating therein that the parties were attending counseling sessions. A memorandum in opposition to this request was filed by counsel for plaintiff who argued that his client was not attending counseling sessions either by herself or with the defendant, that defendant had had ample time to file a response and that his request was merely a dilatory tactic.

This matter was again set down for hearing on November 9, 1977, at which time the Court allowed defendant leave to file his reply[4] to plaintiff's memorandum in oppo-

---

[2] 5 V.I.C. § 321 states that "the right to trial by jury as declared by the Seventh Amendment to the Constitution of the United States shall apply in civil actions in the District Court of the Virgin Islands, except as otherwise provided by law."

[3] Counsel for plaintiff also contended in his memorandum that it was the plaintiff who had a constitutional right to a non-jury trial. The Supreme Court has already determined that no such right exists. In Beacon Theatres, Inc. v. Westover, that court held that although the right to a jury trial is a constitutional one, "no similar requirement protects trials by the Court." Beacon, supra, 359 U.S. 500, 510 (1959) in accord, Hurwitz v. Hurwitz, 136 F.2d 796, 798–799, 78 U.S. App. D.C. 66 (1943); Taxin v. Food Fair Stores, Inc., 24 F.R.D. 457, 460 (E.D. Pa. 1959).

[4] Defendant relied on Rules 1, 2, 38 and 39 of the Federal Rules of Civil Procedure. Defendant also argued that the state has an interest in preserving marriages in which there is a child "whose interest must also be considered."

sition to defendant's demand for a trial by jury and to amend his answer. The Court thereafter ordered that the action be transferred to the District Court for trial by jury on the issue of the marital breakdown.

On November 14, 1977, plaintiff filed a motion for reconsideration or clarification of this Court's order to transfer the matter to District Court. It is this motion that was set down for hearing on February 16, 1978, and to which this opinion is addressed.

## II.

The question presented is whether defendant is entitled to a trial by jury. This Court holds that he is not and cites in support thereof the well-reasoned opinion, as amended, of Feuerzeig, J., in Penn v. Penn, 14 V.I. 522 (Terr. Ct. 1977), the rationale of which is adopted herein.

But assuming arguendo that defendant was entitled to a trial by jury, his demand would still be rejected because of his failure to make a timely demand for a trial by jury regarding the issue of marital breakdown. F. R. Civ. P. 38 states inter alia that a demand for a trial by jury may be made "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." As stated earlier herein, defendant did not make a demand for a jury trial until September 21, 1977. The last pleading directed to those two issues was defendant's answer which was served on counsel for plaintiff on August 22, 1977. Thus, the deadline for demanding a jury trial was September 1, 1977. Clearly, then, defendant's oral demand on September 21, 1977, was not only untimely, but also was violative of the Rule 8 which requires such motions to be in writing.

■ The Court notes that a demand for jury trial may also be made within 10 days after service of an amended pleading where new issues are raised by that pleading. On November 9, 1977, the Court allowed defendant leave to amend his answer. If this amended answer "injected a new issue into the case," Ward v. Brown, 301 F.2d 765 (10th Cir. 1962), then the 10 days within which defendant was required to make his demand begins to run from the service of this amended answer. However, an amendment does not revive a right to demand a jury trial on issues already framed in the original pleadings, once it is waived. Lanza v. Drexel & Co., 479 F.2d 1277 (2d Cir. 1973); Trixler Brokerage Co. v. Ralston Purina Co., 505 F.2d 1045 (9th Cir. 1974).

In examining the amended answer filed by the defendant in this case the Court finds that no new issues were raised which would trigger the running of 10 more days within which to make a jury demand as to those new issues. The only variance between the answer and the amended answer, which counsel for defendant conceded at the hearing, is defendant's written demand for a jury trial instead of an oral demand. Accordingly, the Court concludes that the amended answer did not raise any new issues and that defendant's demand for a jury trial was untimely filed and any right to trial by jury which may have existed is therefore waived.[5] Hostrop v. Board of Jr. College, Dist. No. 515, 523 F.2d 569 (7th Cir. 1975), cert. den., 96 S.Ct. 1748 (1976); Trixler Brokerage Co. v. Ralston Purina Co., supra, at 505 F.2d 1049–1050.

---

[5] The Court notes that F. R. Civ. P. 39 permits it to relieve a party from its waiver where there has been a failure to make a timely demand. Although this rule only applies to cases where a request for a jury trial may have been made as a matter of right, this Court will not exercise its discretionary authority in favor of a jury trial where, as here, defendant has not provided the Court with any basis for invoking its discretion.

Based on the foregoing, the Court's order of November 9, 1977, transferring this matter to the District Court for trial by jury will be vacated and defendant's demand for trial by jury will be denied.

### ORDER

Upon consideration of plaintiff's motion for reconsideration of this Court's verbal order on November 9, 1977, transferring this action to the District Court for trial by jury on the question of the breakdown of the marital relationship, and the Court having entered its Memorandum Opinion herein and being duly satisfied in the premises, it is hereby,

ORDERED that this Court's order of November 9, 1977, transferring this matter to the District Court for a trial by jury be and hereby is vacated, and it is hereby,

FURTHER ORDERED that defendant's demand for trial by jury be, and the same is hereby, DENIED.