**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**SAMMY HARTHMAN, Defendant**

Criminal No. F64-1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 25, 1983

[6] The Court notes that an instruction *correctly stating* the law concerning proximate cause was given to the jury.

350

SUZANNE A. HUTTON, ESQ., Assistant Attorney General, St. Thomas, V.I., *for plaintiff*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## OPINION

### I.

This matter is before the court on defendant's motion for a bench trial. Both sides agree that when there is no demand for a jury trial, a defendant in the Virgin Islands is entitled to a bench trial, but they disagree as to what constitutes a proper demand for a jury trial. While the defendant contends that a demand made orally by his attorney at arraignment without discussion or advice and without his knowing and intelligent authorization is null and void, the government contends that a demand is properly invoked where the defendant is present and makes no objection when his attorney orally demands a jury trial at arraignment. They also disagree as to

whether a jury trial can be waived without the consent of the government but with the approval of the court, and as to whether a defendant must personally exercise his demand for or waiver of trial by jury. The defendant insists that no government consent is required and that he must personally exercise his rights; the government insists otherwise. For the reasons which follow, the defendant's motion for a bench trial will be granted.

## II.

On May 21, 1982, a three-count criminal information was filed against the defendant, who retained Attorney Alexander A. Farrelly of the law firm of Birch, deJongh and Farrelly to represent him. The defendant appeared personally for the arraignment on June 2, 1982, but because Attorney Farrelly was off island, Attorney Bernard Van Sluytman, an associate of the firm, appeared at the hearing as his substitute.

At arraignment, the substitute counsel requested a trial by jury, without any objection being made on the record by the defendant. However, the undisputed allegations of the affidavit supporting the motion establish that the request for trial by jury was never discussed with the defendant, prior to or at the arraignment, and that the defendant had not authorized the attorney to request a trial by jury.

On August 17, 1982, the court issued its Notice of Hearing, scheduling a pre-trial hearing for October 20, 1982 and the jury trial for October 25, 1982. Thereafter, the affidavit shows that during preparation for trial the matter of a jury trial was for the first time discussed with the defendant, who immediately indicated to his attorney his strong objection to a jury trial. He further insisted that based upon his perception of pervasive adverse publicity, resulting from a series of articles entitled "Problems in Paradise," published in the *Daily News*, a local newspaper of general circulation, he could not receive a fair jury trial. It is further asserted in the affidavit that in response to the defendant's strenuous opposition, his attorney obtained the standard form provided by the court for Waiver of Trial by Jury, which they both executed and filed on October 8, 1982. This form also provides for the signature of the prosecutor and the judge, if they consent to the waiver. Since neither the prosecutor nor the judge has executed the waiver form, this motion for a bench trial was filed by the defendant.

None of the issues in this case questions the right of an accused in a criminal prosecution to a speedy and public trial by an impartial

jury. That right is guaranteed by the Sixth Amendment to the U.S. Constitution, which was made applicable to the Virgin Islands in 1968 by § 3 of the Revised Organic Act of 1954. Furthermore, the issue is not whether the defendant has a right to a bench trial. Instead, the questions presented in this case are (1) whether a jury trial was properly demanded, (2) whether a jury trial can be waived without the consent of the government but with the approval of the court, and (3) whether a defendant must personally exercise his demand for or waiver of trial by jury.

### III.

The leading case in this circuit with respect to the procedure by which an accused may exercise his option to invoke his right to trial by jury is Government v. Parrott, 10 V.I. 564, 476 F.2d 1058 (3d Cir. 1973), cert. denied, 414 U.S. 871. In that case the critical distinction between the procedure used in U.S. District Courts elsewhere and the procedure used in the District Court of the Virgin Islands was clearly defined. On the one hand, it held that the procedure used elsewhere was dictated by Rule 23(a) of the Federal Rules of Criminal Procedure (Rule 23(a)),[1] which requires an accused who does not desire to exercise his right to a jury trial to so advise the court, and allows the court to assume in the absence of such a statement that the accused desires a jury trial. On the other hand, it held that the procedure used in the Virgin Islands was dictated by § 26 of the Revised Organic Act of 1954 (§ 26)[2] which requires an accused desiring to enjoy the right to a jury trial to demand it of the court, and allows the court to assume in the absence of such a demand that the accused does not desire a jury trial.

■ Parrott made it clear, therefore, that while Rule 23(a) established the procedure by which an accused invokes his Sixth Amendment right to trial by jury in the federal courts generally, § 26 established the procedure by which an accused invokes his Sixth

---

[1] Rule 23 provides in part:

"(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

[2] Sec. 26, Rev. Org. Act of 1954, 48 U.S.C. § 1616 provides:

"All criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury, except that the judge may, on his own motion, order a jury for the trial of any criminal action. The legislature may provide for trial in misdemeanor cases by a jury of six qualified persons."

Amendment right to trial by jury in Virgin Islands courts specifically. It therefore concluded, among other things, as follows:

> The procedural rule embodied in Rule 23(a) of the Federal Rules of Criminal Procedure, having been adopted by the Supreme Court pursuant to Congressional authority, was subject to being repealed, amended or superseded in whole or in part by Congress as well as by the Court. [Citation omitted.] We think that this is exactly what has happened here and that by the Congressional amendment in 1958 of section 26 of the Revised Organic Act the procedural provisions of that section have superseded, for the District Court of the Virgin Islands, the earlier provisions of Rule 23(a), F.R.Cr. P. The provisions of section 26 as amended thereby became the Congressionally established procedure under which an accused in the Virgin Islands invokes his right to a trial by jury.

10 V.I. at 569, 476 F.2d at 1060–61. Accordingly, since § 26 supersedes Rule 23(a) with regard to criminal prosecutions in the District Court of the Virgin Islands, we must look to the laws of the Virgin Islands and the rules of the District Court and the Territorial Court for guidance in resolving the questions presented in this case.

A. *Demand for Jury Trial*

■■ With the creation of the Territorial Court by Act No. 3876, 4 V.I.C. § 76 et seq., in 1977, jury trials were for the first time authorized to be heard by nonfederal courts in the Virgin Islands. Section 2 of that Act provides, in part, as follows:

> ". . . [I]n all cases in which the parties are entitled to a trial by jury and in which a jury trial is *properly demanded*, the action shall be tried to a jury. . . ." (Emphasis added.)

> * * *

> "The practice and procedure in the territorial court shall be as prescribed by rules adopted by the district court. Subject to the approval of the district court, the territorial court may from time to time prescribe rules for the conduct of its business consistent with law and with the rules prescribed by the district court . . . ."

4 V.I.C. §§ 80, 83. The rules governing the Territorial Court, which are codified at 5 V.I.C. Appendix IV, are silent as to what constitutes a "proper demand" for a jury trial. However, they do require reference to the rules of the District Court by providing as follows:

The practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

5 V.I.C. App. IV, Rule 7. Accordingly, the applicable rule of the District Court regarding what constitutes a proper demand for a jury trial, states as follows:

If a defendant in a criminal case desires a jury, *he shall demand it in writing* not less than five days before the date set for trial. Such demand, if made, shall be noted upon the criminal docket by the clerk on the day upon which it is made. (Emphasis added.)

5 V.I.C. App. V, Rule 12. Despite this Rule 12 requirement that the demand shall be in writing, the court takes judicial notice of the fact that the standard practice in Virgin Islands courts is for the defendant, through his counsel at arraignment, to demand trial by jury orally in open court and to execute a written document only where a waiver of trial by jury is requested. Obviously, this practice is contrary to the mandate of Rule 12 and § 26, and is more consistent with Rule 23 practice which is not applicable in Virgin Islands courts. The court takes further judicial notice of the fact that quite frequently there is little or no discussion between the accused and his attorney prior to or at arraignment regarding whether a jury trial should be waived or demanded. This raises the additional question as to whether under the circumstances of each case the defendant makes a knowing and intelligent waiver of or demand for a jury trial at his arraignment. The court in Parrott, while addressing the issue of a knowing and intelligent waiver, emphasized the obligation of a defendant's attorney to be aware of his client's basic right to a jury trial and to ". . . clearly and positively inform him of it, so that it may be decided whether or not, as a matter of trial strategy, the right should be demanded." Parrott, supra at 1062.

Although the practices noted above have developed only due to the understandable oversight of both the bench and bar, they are nevertheless inconsistent with both statutory and case law. Hence, the defendant who seeks enforcement of the appropriate laws and rules should not be denied his rights thereunder, regardless of the validity of the reasons which led to the improper practices.

In this case, it is clear that the demand for trial by jury made by the substitute counsel at the defendant's arraignment was not in writing. It is also clear that the defendant's attorney was legiti-

355

mately absent and that there was no consultation or discussion regarding the type of trial between counsel or substitute counsel and the defendant prior to the demand. Indeed, the circumstances surrounding the invocation of the demand establish that the defendant was not "clearly and positively" informed that while he had a right to demand a jury trial, he also had the option not to demand one, in which event he would face a bench trial. Moreover, it does not appear that the defendant was informed that once he demanded a trial by jury, a later attempt to waive it in favor of a bench trial would not be self-executing.

Defendant's presence at his arraignment and his failure to object when the demand was made cannot, without more, validate an improper demand, where, as here, the attorney personally retained by the defendant was absent, and the demand was not knowingly and intelligently authorized by the defendant. In other words, the defendant was not in a position to make an informed choice. In the circumstances of this case, where the attorney of the defendant's choice is one of the most outstanding criminal lawyers of the Virgin Islands bar and where the substitute attorney is less experienced, it is reasonable to infer that the defendant, if indeed he heard the attorney's demand for a jury trial, would not remonstrate at the arraignment, but would defer any objections he might have until he could meet with his attorney. Indeed, it was after conferring with his attorney in a subsequent meeting that the defendant made strong and immediate objection as soon as he realized that the trial was scheduled to be by jury.

■ Accordingly, this court is satisfied that the defendant did not make a proper demand for a jury trial and that the attempt by the substitute attorney to demand a jury trial for the defendant was not effectively invoked and is therefore null and void.

■ It should be noted at this point, however, that the § 26 procedure provides that the government may also demand a trial by jury.[3]

---

[3] No demand was made by the government for a trial by jury. Indeed, the deadline for making such demands has expired in this case. The deadline for the defendant was October 20, 1982, five days before the date set for trial. Rule 12, supra. Since no specific deadline for the government is given in the rules, the reasonable time standard is applicable, and a reasonable time has obviously expired where, as here, the trial date of October 25, 1982, has passed. The continuance granted to the defendant for verified medical reasons does not affect the deadline for demanding trial by jury. See Commissiong v. Commissiong, 14 V.I. 540 (Terr. Ct. St. T. & St. J. 1978) (an amended answer did not revive the right to demand a jury trial where it had been previously waived by lack of a timely demand).

Thus, although a defendant may refuse to invoke his demand, the government may effectively ensure a jury trial by simply following the appropriate procedure and making its own demand. In such a case, it is clear that the defendant could not waive the government's demand.

## B. *Waiver of Jury Trial*

██ ██ The defendant contends that no government consent is required to waive a jury trial because Rule 23(a) is not applicable.[4] While conceding that § 26 procedures apply where a jury trial has been properly demanded, the government nevertheless contends that Rule 23(a) procedures apply with respect to waiver of jury trials, and that therefore the consent of the government is needed before a defendant may waive a trial by jury. Thus, the government argues for a hybrid of both procedures, i.e., apply § 26 to jury demand and apply Rule 23(a) to jury waiver. No such procedural combination can be reasonably inferred from the applicable laws and rules. Indeed, the very lack of a demand for jury trial constitutes a waiver under § 26, as the Parrott court observed:

> We recognize that the right to a jury trial under the Sixth Amendment is not effectively waived unless there is a knowing and intelligent waiver of such right by the defendant himself [citation omitted]. We are in no way persuaded that the traditional Virgin Islands practice now codified in section 26 is inconsistent with the constitutional requirement that a waiver be knowing and intelligent.

10 V.I. at 570–571, 476 F.2d at 1061. The court further explained that the procedure under the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A, which guarantees every defendant the assistance of counsel, will result in knowledge by the accused that he has the right to demand a jury trial and that he must demand it if he desires it. The court made it clear, however, that this result could only be obtained where the accused has the benefit of the advice of counsel who should clearly and positively inform the defendant of the § 26 procedures. Even in the rare instances in which an accused chooses to defend himself without counsel, the court is required to advise him of his rights under § 26. See Government v. Russell, 10

---

[4] The defendant's use of the standard form for waiver of jury trial provided by the court, which cites Rule 23(a) as the applicable rule, cannot adversely affect his contentions because neither the preparation nor the use of the form was his decision.

V.I. 572, 477 F.2d 62 (3d Cir. 1973). Manifestly then, the defendant's knowing and intelligent decision not to invoke a proper demand is considered to be a waiver of his Sixth Amendment right to trial by jury, and this waiver is clearly not subject to the consent of the government.

It therefore follows that the government's contention that § 26 procedures do not apply to waiver of trial by jury is fallacious, and that the defendant's contention that no government consent is required to waive trial by jury is meritorious.

Further support for the defendant's contention is provided by the specific language in Parrott, supra, quoted above, that Rule 23(a) is superseded by § 26 and that therefore Rule 23(a) is no longer applicable to criminal proceedings in the Virgin Islands. Moreover, a comparative analysis of § 26 with Rule 23(a) reveals that while the government's consent is not required under § 26 but is required under Rule 23(a), the government may demand a jury trial under § 26 but is not authorized to do so under Rule 23(a). Since the authority granted to the government to demand a jury trial under § 26 is self-executing and is much broader than the consent authority granted to it by Rule 23(a), it is self-evident that the policy considerations underlying the consent provision of Rule 23(a) are amply satisfied by the demand provision of § 26. Hence, there is no need for consent authority where demand authority is granted. The government cannot have it both ways. It is quite apparent that if Congress had intended to give both the demand authority and the consent authority to the government it could have done so when it superseded Rule 23(a) by enacting § 26. Indeed, the waiver of jury trial without government consent is not unique to the Virgin Islands. Some jurisdictions grant the defendant the absolute right to waive jury trial or to do so only with the approval of the court. See, Singer v. United States, 380 U.S. 24, 36–37, 85 S.Ct. 783, 791 (1965).

 In those instances in which a defendant moves to waive trial by jury subsequent to a proper demand, the general motion rules apply, and none of those rules require the consent of the government, although they do require a ruling by the court. See 5 V.I.C. App. IV, Rule 128. See also, 5 V.I.C. App. V, Rule 6. Thus, only the consent of the court is needed to grant the waiver, and this consent by the court is consistent with the statutory mandate of § 26 and 5 V.I.C. § 3601 which provide, in part, that the judge may, on his own motion, order a jury for the trial of any criminal action, without regard to the wishes of the defendant or the government.

Nevertheless, it should be emphasized that where the government has timely demanded a trial by jury, a defendant's preference for a bench trial must be denied because of the demand authority granted to the government by § 26, and because a defendant has no fundamental right to be tried without a jury. See Singer v. United States, supra; United States v. Bowles, 428 F.2d 592, 594 (2d Cir. 1970).

Accordingly, since the governing statutory and case law establishes beyond doubt that Rule 23(a) is not applicable to criminal proceedings in the Virgin Islands, no consent of the government is required to validate a waiver. In addition, the court sees no reason why it should order a trial by jury nor why any approval of a waiver by the court, if applicable, should be withheld, and none has been offered by the government.

### C. *Exercise of Rights To Demand or Waive Jury Trial*

With respect to who may exercise a Sixth Amendment right, this court does not interpret the law as mandating that the defendant must personally invoke his demand for or waiver of his right to a trial by jury. Instead, this court is satisfied that under the law a defendant's attorney may invoke either the demand or the waiver on behalf of the defendant, so long as the defendant has knowingly and intelligently authorized his attorney to do so.

It is well established that rights under the Sixth Amendment are not effectively waived unless there is a knowing and intelligent waiver by the defendant. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). The determination as to whether there has been a knowing and intelligent waiver depends upon the particular circumstances of each case. Johnson v. Zerbst, supra, 304 U.S. at p. 464, 58 S.Ct. at p. 1023.

Where, as here, the right in question is fundamental, there must be a showing of a conscious decision by the defendant, who must have a direct role in deciding whether to demand or waive trial by jury. See Government v. Parrott, 14 V.I. 19, 23-24, 551 F.2d 553, 554-555 (3d Cir. 1977); Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691 (1976).

The court is therefore satisfied that what the law commands is a knowing and intelligent decision by the defendant, not the personal presentation of that decision by the defendant himself. Thus, when a defendant's attorney makes the presentation on his behalf, it is valid and binding where the decision was knowingly and intelli-

gently made by the defendant. Indeed, the assistance of counsel is another fundamental right under the Sixth Amendment which a defendant may exercise in presenting his decision to the court. Accordingly, this court holds that it is not necessary for the defendant to personally exercise his demand for a waiver of trial by jury, where he knowingly and intelligently authorizes his attorney to exercise those rights on his behalf.[5] See United States ex rel. Burnett v. Illinois, 619 F.2d 668, 671 (7th Cir. 1980), cert. denied 449 U.S. 880 (1980).

## IV.

For the foregoing reasons, the court concludes (1) that the request for trial by jury was not properly demanded and is therefore null and void, (2) that a jury trial can be waived without the consent of the government, but after proper jury demand its waiver requires the approval of the court, and (3) that the defendant need not personally exercise his demand for or waiver of a trial by jury.

In view of the preceding discussion, the court need not address the question of adverse pre-trial publicity which has been briefed by the parties.

Accordingly, the defendant's motion for a bench trial will be granted.

---

[5] Where it is deemed appropriate, the court should conduct a voir dire examination of the defendant to determine if he is competent to make such a decision and if his decision is knowingly and intelligently made.