F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES E. HINTON,

    Defendant-Appellant.

No. 99-1340
(D.C. No. 97-CR-338-D)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **PORFILIO**, and **MAGILL**,[**] Circuit Judges.

    Appellant James Hinton was convicted, after a jury trial before a U.S. Magistrate,

of theft of government property valued less than $100.00, in violation of 18 U.S.C. § 641,

and of driving while ability impaired, in violation of § 42-4-1202(1)(b), C.R.S. 1973 as

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Frank J. Magill, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

assimilated by 18 U.S.C. § 13.  Mr. Hinton appeals on the ground he did not voluntarily waive his right to be tried before an Article III judge.

Under Rule 58 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3401, defendants accused of a certain category of federal misdemeanors may waive their constitutional right to trial before an Article III judge in favor of trial before a United States magistrate judge.  Mr. Hinton made such a waiver orally at his arraignment.  However, he now asserts that waiver was insufficient because it was oral rather than written.  This argument rests on a divergence that existed between Rule 58 and § 3401 at the time of Mr. Hinton's trial in June 1997.  At that time, Fed. R. Crim. P. 58(b)(3)(A) provided that waiver of the right to trial before an Article III district judge in favor of trial before a United States magistrate judge had to be written.  However, 18 U.S.C. § 3401(b) provided that such waiver could be either in writing or orally on the record.[1]       Mr. Hinton contends Rule 58 should control over the conflicting statutory provision.  We disagree.  Although Congress delegated to the Supreme Court the power to prescribe rules of criminal procedure in 18 U.S.C. § 3771, this delegation did not "limit the power of Congress to regulate practice and procedure and to make future statutes inconsistent with the rules."  CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 3d § 32 (3d ed. 1999).  *See also **Hawkins v. United States***, 358 U.S. 74, 78 (1958)

---

[1]  This divergence disappeared in December 1997 when Rule 58(b)(3)(A) was amended to allow either written or oral waiver.

("Congress or this Court, by decision or under its rule-making power, 18 U.S.C. § 3771, can change or modify the rule where circumstances or further experience dictates.").

Although there are relatively few instances in which the federal courts have been called upon to address a conflict between a federal rule of criminal procedure and a more recently enacted federal statute, in every case, the more recent statute has been found to modify the rule of criminal procedure. For example, in *Government of the Virgin Islands v. Parrott*, 476 F.2d 1058 (3d Cir. 1973), the court addressed a conflict between Rule 23(a) of the Federal Rules of Criminal Procedure, which required trial by jury unless the defendant executed a written waiver, and section 26 of the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1616, which provided for a jury trial upon request by the defendant or the government. Noting Rule 23(a) was adopted by the Supreme Court in 1944, while section 26 of the Organic Act was amended in 1958, the court determined:

> The procedural rule embodied in Rule 23(a) of the Federal Rules of
> Criminal Procedure, having been adopted by the Supreme Court pursuant to
> Congressional Authority, was subject to being repealed, amended, or
> superseded in whole or in part by Congress as well as by the Court. We
> think that is exactly what happened here and that by the Congressional
> amendment in 1958 of section 26 of the Organic Act, the procedural
> provisions of that section have superceded, for the District Court of the
> Virgin Islands, the earlier provisions of Rule 23(a).

*Id.* at 1060-61 (citation omitted).

The D.C. District Court reached the same conclusion in *United States v. Mitchell*, 397 F. Supp. 166 (D.D.C. 1974), a case arising from the Watergate affair. There, Congress passed legislation extending until June 4, 1974, the term of a grand jury which

under Rule 6(g) of the Federal Rules of Criminal Procedure would have expired on December 4, 1974. The defendants argued Congress' delegation to the Supreme Court to prescribe the rules of criminal procedure deprived Congress of authority to amend or modify those rules. *Id.* at 166. The district court concluded Congress had not restricted its own ability to repeal, amend or supercede the rules of procedure, and that changes can be made at any time by statute. *Id.*

At the time of Mr. Hinton's trial, the most recent enactment of Rule 58(b)(3)(A) was December 1, 1993, while 18 U.S.C. § 3401(b) had been amended to allow oral waiver by the Federal Courts Improvement Act of 1996, Pub. L. 104-317, 110 Stat. 3847, 3849 (1996). We believe, under the logic of *Parrott* and *Mitchell*, because the 1996 amendment of § 3401 superceded Rule 58, Mr. Hinton's waiver was governed by the more recent statute rather than the older rule.

Anticipating this conclusion, Mr. Hinton argues that even if § 3401(b) governed his waiver, the district court erred in finding his oral waiver was "knowing, intelligent and voluntary." We review the sufficiency of an oral waiver of a constitutional right *de novo*. *United States v. Robertson*, 45 F.3d 1423, 1430-31 (10th Cir. 1995). In this case, the record amply demonstrates Mr. Hinton waived his right to trial before an Article III judge in a voluntary and intelligent manner.

In Mr. Hinton's initial appearance on April 25, 1997, the magistrate judge informed him of his "right to have this matter heard by a U.S. District Judge or with your

consent before a U.S. Magistrate Judge, myself or one of my colleagues." At his arraignment on June 6, 1997, while represented by counsel, Mr. Hinton participated in the following dialogue with the magistrate judge:

> THE COURT: Mr. Hinton, you have a right since these involve Class A misdemeanors to have this matter heard by a District Judge or with your consent by a Magistrate Judge. It would be me hearing the case. A District Judge has lifetime tenure, can only be removed by the U.S. Senate, impeachment, after a term of eight years can be removed for cause. You have a right to have a District Judge hear the case, you also have the right to consent to have this matter heard by a U.S. Magistrate Judge, by me. Do you wish to have me handle this case, or do you wish to have the matter heard by a District Judge?
>
> THE DEFENDANT: You can handle it, Your Honor.
>
> THE COURT: Okay. Has anyone threatened you, coerced you, forced you in any way?
>
> THE DEFENDANT: No, Your Honor.

Mr. Hinton was thus twice informed of his right to choose between an Article III judge and a magistrate judge. He made his election in the presence of, and presumably after consultation with, competent counsel. He also indicated affirmatively to the magistrate his waiver was not the product of coercion. Under these circumstances, we conclude Mr. Hinton was informed of his right to trial before an Article III judge, and waived that right in a fully knowing and voluntary manner. The order of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge