**UNITED STATES of America, Plaintiff,**

v.

**Moises RIVERA–NEGRON, Defendants.**

**No. CR. 01–278(HL).**

United States District Court,
D. Puerto Rico.

June 14, 2001.

Guillermo Gil, United States Attorney, Jorge E. Vega–Pacheco, Assistant U.S. Attorney, San Juan, Puerto Rico, for plaintiff.

Rafael Anglada–López, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

DELGADO–COLON, United States Magistrate Judge.

Defendant, Moises Rivera–Negrón (Rivera) moves to dismiss the information filed against him on the basis that 18 U.S.C. § 3401 is unconstitutional on its face as applied in this case (**Docket No. 15**). For the following reasons, the motion is **DENIED.**

### I. Background.

On April 28, 2001, the defendant was arrested along with several other individuals for having trespassed into Camp Garcia Naval Installations at Vieques, Puerto Rico. On April 30, 2001, an Information was filed by the U.S. Attorney charging defendant with a violation to Title 18 U.S.C. § 1382. Rivera's initial appearance was held on April 30, 2001 (**Docket No. 2**). Upon motion, this case was consolidated with other similarly charged trespass cases, 01–273, 01–274, 01–275, 01–276, 01–277, 01–279, 01–280 and 01–281, with the lead case being 01–273 (**Docket No. 8**). Subsequently, the case was referred to the undersigned for trial pursuant to 18 U.S.C. § 3401. The matter is set to be tried before the undersigned on July 12, 2001 (**Docket No. 14**).

### II. Trial by Magistrate Judge.

Rivera argues that 18 U.S.C. § 3401, on its face and as applied in this case, is unconstitutional as his right to due process of law, equal protection and other rights have been violated by the government. Rivera further argues that § 3401 is contrary to Rule 58 of the Federal Rules of Criminal Procedure since any amendment to same must be approved beforehand by the United States Supreme Court pursuant to 28 U.S.C. § 2072.

18 U.S.C. § 3401 was amended, effective November 13, 2000, to authorize magistrate judges to try all petty offense cases without first having to obtain the consent of the defendant. *146 Cong.Rec. S10844–03, S10847–03.* 18 U.S.C. § 3401 provides in pertinent part:

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magis-

trate shall have jurisdiction to try persons accused or, and sentence persons convicted of, misdemeanors committed within that judicial district.

(b) Any person charged with a misdemeanor, *other than a petty offense* may elect, however, to be tried before a district judge for the district in which the offense was committed. . . .

18 U.S.C. § 3401.

The penalties provision of 18 U.S.C. § 1382, entering military, naval or Coast Guard property, provides: "Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station or installation, for any purpose prohibited by law or lawful regulation ... Shall be fined under this title (not more than $5,000) or imprisoned not more than six months or both." 18 U.S.C. §§ 1382, 3571(b)(6). Thus, this offense is classified as a Class B misdemeanor. 18 U.S.C. § 3559(a)(7). A "petty offense" is defined in 18 U.S.C. § 19 as "a Class B misdemeanor, a Class C misdemeanor, or an infraction" for which the maximum fine is no greater than $5,0000 in the case of an individual, and no greater than $10,000 in the case of an organization. See 18 U.S.C. § 3571(b)(6), (b)(7), (c)(6), (c)(7). Clearly, trespass pursuant to 18 U.S.C. § 1382 is a petty offense.

It is apparent from the face of the 18 U.S.C. § 3401(b) that when the offense charged is a petty offense, as in the case of a Class B misdemeanor, no consent is required for the matter to be tried by a magistrate judge.

### A. 18 U.S.C. § 3401(b) and Fed.R.Crim.P. 58.

18 U.S.C. § 3401 was amended, effective November 13, 2000. However, to date its counterpart, Fed.R.Crim.P. 58 [1] has not yet been amended to reflect that consent is no longer needed in order for a magistrate judge to try a case charging a petty offense. It is Rivera's position that both 18 U.S.C. § 3401 and Rule 58 must be literally complied with by magistrate judges in order to effectuate their authority to try criminal misdemeanor (petty) cases. He contends that Rule 58 establishes the manner wherein magistrate judges can intervene in misdemeanor cases and that because Rule 58 has not yet been amended by the U.S. Supreme Court, the amendments made by Congress to § 3401 cannot be enforced.

In support of his position Rivera cites to a case decided prior to the recent amendments at issue. *See United States v. Gochis,* 196 F.R.D. 519 (N.D.Ill.2000). For that very reason, *Gochis* is distinguishable, as prior to the amendments it was required that a defendant consent to trial, judgment and sentencing before a magistrate judge when charged with certain classes of misdemeanors [2]. As previously discussed, in the present case Rivera is charged with a petty offense and the amendments to § 3401 no longer require consent by a defendant for the matter to be tried by a magistrate judge.

Rivera is correct that because of the recent amendment to § 3401 there is a divergence between it and Rule 58. However, said conflict between the statute and the rule does not mean that § 3401 has no effect. More, the proposition advanced by Rivera infers that Congress is limited in amending or enacting any statute which may conflict with rules of procedure.

■ It has long been settled that Congress has the authority to regulate matters of practice and procedure in the federal courts. *Sibbach v. Wilson & Co.,* 312 U.S. 1, 9–10, 61 S.Ct. 422, 85 L.Ed. 479 (1941). Congress delegated some of this power when it passed the Rules Enabling Act, which gave

---

1. Fed.R.Crim.P. 58(b)(3) currently provides that at the initial appearance the magistrate judge shall advise defendants of the right to trial before a district judge, *unless* the charge is a Class B misdemeanor motor-vehicle offense, a Class C misdemeanor or an infraction *or* the defendant consents to trial before a magistrate judge.

2. Prior to the November 13, 2000, amendment 18 U.S.C. § 3401(b) provided that, "Any person charged with a misdemeanor, other than a petty offense that is a class B misdemeanor, charging a motor vehicle offense, a class C misdemeanor, or an infraction, may elect, however, to be tried before a district judge for the district in which the offense was committed."

the Supreme Court the power to promulgate rules of practice and procedure for United States courts. 28 U.S.C. §§ 2071–72. "This delegation did not 'limit the power of Congress to regulate practice and procedure and to make future statutes inconsistent with the rules.'" *United States v. Hinton*, No. 99–1340, 2000 WL 717085, at *1 (10th Cir. June 2, 2000) (citations omitted). The delegation under § 3771 was not so extensive and final that Congress must either revoke the section or wait for the Supreme Court to propose changes before it can modify the federal rules. *United States v. Mitchell*, 397 F.Supp. 166, 170 (D.D.C.1974). Despite this delegation of authority, Congress maintains an integral, albeit passive, role in implementing any rules drafted by the Court. *Jackson v. Stinnett*, 102 F.3d 132, 134 (5th Cir.1996). Of import is that although Congress has authorized the Court to exercise some legislative authority to regulate the courts, Congress at all times maintains the power to repeal, amend, or supersede its delegation of authority or the rules of procedure themselves. *Id.* (citations omitted).

While "there are relatively few instances in which the federal courts have been called upon to address a conflict between a federal rule of criminal procedure and a more recently enacted federal statute, in every case, the more recent statute has been found to modify the rule of criminal procedure." *Hinton*, 2000 WL 717085, at *1. For example in *Hinton*, at issue was the divergence between the 1996 amendments to 18 U.S.C. § 3401 (providing that waiver of the right to trial before an Article III district judge could be in either writing or orally on the record) from Fed.R.Crim.P. 58 (providing that waivers must be in writing). The Tenth Circuit held that the more recently amendment statute, 18 U.S.C. § 3401, superseded the conflicting provision found in Rule 58. *Id.* There is a similar ruling in *Government of the Virgin Islands v. Parrott*, 476 F.2d 1058 (3d Cir.1973), wherein the Third Circuit found that a Congressional amendment in 1958 to the Revised Organic Act of the Virgin Islands superseded the conflicting procedural provisions found in Fed.R.Crim.P. 23(a) which were adopted in 1944.

It is obvious that Congress may at any time amend or abridge by statute the Federal Rules of Criminal Procedure promulgated under the Rules Enabling Act. *Hawkins v. United States*, 358 U.S. 74, 78, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958); *Jackson v. Stinnett*, 102 F.3d at 134–35. Based on the foregoing analysis, there is no doubt that the November 13, 2000, amendments to 18 U.S.C. § 3401 supersede any conflict there may be with Rule 58. Therefore, because Rivera is charged with a petty offense, pursuant to 18 U.S.C. § 3401(b), his consent is not required in order for a magistrate judge to try this case.

**B. Constitutionality of 18 U.S.C. § 3401(b).**

Rivera makes a passing argument that § 3401 is unconstitutional as his right to due process and equal protection have been violated. He cites no authorities or law in support of this argument. Needless to say, this is in derogation of Local Rule 406 which provides that all motions filed in criminal actions must include authorities and case law with support for the request for the relief sought.

Nevertheless, the undersigned addresses the issue of constitutionality of 18 U.S.C. § 3401. Prior to 1996 a magistrate judge could only try certain offenses as follows:

(b) Any person charged with a misdemeanor may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a judge of the district court and that he may have a right to trial by jury before a district judge or magistrate. The magistrate shall not proceed to try the case unless the defendant, after such explanation, files a written consent to be tried before the magistrate that specifically waives trial, judgment, and sentencing by a judge of the district court.

18 U.S.C. § 3401(b) (1995).

In 1996 Congress enacted amendments to 18 U.S.C. § 3401 which allowed magistrate

judges to try persons accused of an infraction, Class C misdemeanor or Class B misdemeanor involving a motor vehicle offense, without the defendant's consent. 18 U.S.C. § 3401 (1995). Thereafter, a constitutional challenge was brought contending § 3401 as unconstitutional as it eliminated the requirement that a defendant consent to be tried before a magistrate judge. *See United States v. McCrickard*, 957 F.Supp. 1149 (E.D.Cal.1996). Following an extensive analysis, the Court concluded that amendments to 18 U.S.C. § 3401 were constitutional given the historical evidence that the Framers distinguished between the constitutional rights of defendants charged with felonies and petty offenses. *Id.* at 1155. Moreover, the Court looked to the Congress' capacity to confer jurisdiction on a magistrate judge to try petty offenses. *Id.* at 1155–56. Finally, the Court took into consideration that Congress was aware of the constitutional issues posed by the 1996 amendment and resolved same by reference to Supreme Court precedent and historical practices. *Id.* at 1156.

The 2000 amendments to 18 U.S.C. § 3401 are similar to the 1996 amendments. As with the 1996 amendments, the 2000 amendments also eliminate the need for consent, but expands the scope to all petty offenses. The analysis employed in *McCrickard* is applicable to the 2000 amendments. There is no support for Rivera's blanket assertion that recently amended 18 U.S.C. § 3401 is unconstitutional.

### III. Treatment Subsequent to Arrest.

Rivera's final argument is that dismissal is proper because his treatment subsequent to arrest is different from individuals who have been arrested for similar actions of protest in San Francisco, Washington, D.C. and New York City. While Rivera may believe that his situation is similar to those referenced in his motion there is one glaring fact that separates the charges brought against him from those he mentions. He is charged with trespassing on a Naval Installation. More so, the alleged trespass occurred while the military was attempting to engage in military training maneuvers. The argument that dismissal is proper based on dissimilar treatment is frivolous and without merit.

### IV. Conclusion.

Defendant Moises Rivera–Negron's motion to dismiss the information or assign the case for trial before a United States District Judge is **DENIED (Docket No. 15).**

**SO ORDERED.**