**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**MAXIMILIANO VELASQUEZ, III, JUAN GABRIEL VELASQUEZ,**
**JOSE MANUAL RIVERA, SHARIMA A. CLERCENT a/k/a SHARIMA**
**SEATON, JOSE VENTURA, Defendants**

Case Nos. SX-2012-cr-063, SX-2012-cr-064, SX-2012-cr-065,
SX-2012-cr-066, SX-2012-cr-076

Superior Court of the Virgin Islands

Division of St. Croix

February 6, 2014

3

KIPPY ROBERSON, ESQ., Assistant Attorney General, U.S. Virgin Islands Department of Justice, Christiansted, St. Croix, USVI, *Attorney for the People.*

H. HANNIBAL O'BRYAN, ESQ., Office of the Territorial Public Defender, Kingshill, St. Croix, USVI, *Attorney for Defendant Velasquez III.*

VINCENT COLIANNI, JR., ESQ., Colianni & Colianni, Christiansted, St. Croix, USVI, *Attorney for Defendant Velasquez.*

GORDON C. RHEA, ESQ., Gordon C. Rhea, P.C., Mt. Pleasant, SC, *Attorney for Defendant Rivera.*

JOMO MEADE, ESQ., Frederiksted, St. Croix, USVI, *Attorney for Defendant Clercent.*

6

DANIEL L. CEVALLOS, ESQ., Cevallos & Wong LLP, Philadelphia, PA, *Attorney for Defendant Ventura.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(February 6, 2014)

■ The question presented is whether a defendant's waiver of the right to trial by jury in a criminal case is subject to the prosecution's consent for purposes of obtaining a bench trial. For the reasons stated below, the Court concludes that because section 26 of the Revised Organic Act applies in the Superior Court of the Virgin Islands and because that section clearly provides that the government has the right to demand a jury trial, both parties must waive their respective rights to trial by jury before the Court can agree to conduct a bench trial. Because that did not occur here, the Court denies the Defendants' bench trial request.

## FACTUAL AND PROCEDURAL BACKGROUND

At the conclusion of the second day of jury selection on January 22, 2014, Defendants Juan Velasquez, Jose Rivera, Sharima Clercent, and Jose Ventura, through counsel, withdrew their demands for a jury trial and requested to be tried by the Court in a bench trial. Counsels expressed concern that the responses of some of the venire, or prospective jurors, had revealed a likelihood that their clients could not obtain a fair and impartial jury. The venire comprised approximately 160 jurors, of which approximately thirty had responded affirmatively during *voir dire* when the Court asked whether they had previously heard about this matter through outside sources and whether they had come to a conclusion as a result of that outside information and could not be fair and impartial. At least three of the prospective jurors who had responded expressed concern for their safety if ultimately selected as a juror. Consequently, Defendants Velasquez, Rivera, Clercent, and Ventura formally withdrew their jury trial demand out of concern that pretrial publicity and related "scuttlebutt" in the community rendered their chance for a fair and impartial trial by jury very unlikely.

Counsel for Defendant Maximiliano Velasquez, III did not initially join the other Defendants' request for a bench trial, explaining that he needed to first consult with his client. He requested to have until the following

7

morning so that he could speak with his client and then inform the Court whether his client would join the other Defendants in waiving his jury trial right. Counsel for the People similarly requested to have until the following morning to confer with others in the Virgin Islands Department of Justice before deciding whether the People would agree to a bench trial. The Court granted the requests and also advised the parties that the Defendants would need to waive their right to a jury trial in writing.

The following morning, Defendant Velasquez III advised the Court, through counsel, that he was joining his co-Defendants' requests to waive their jury trial rights. Counsels for the Defendants also indicated that their clients had prepared written documentation waiving their jury trial rights and agreeing to proceed with a bench trial. Once all Defendants had consented to proceeding with a bench trial, the Court inquired whether the People also agreed. Counsel for the People informed the Court that the People did not agree to a bench trial and requested instead that the trial proceed before a jury. Because all parties did not agree to waiving trial by jury, the Court denied the Defendants' request and resumed jury selection.

Following *voir dire*, the parties proceeded with challenges for cause to the remaining venire members and then exercised peremptory challenges. After twelve jurors and six alternates were selected and seated, the Court inquired of the parties whether they were satisfied with the jury as empaneled. Although all parties expressed their satisfaction with the jury, at least two Defendants, through counsel, noted that they would still prefer a bench trial. Because all determinations of the Court must be reduced to writing, SUPER. CT. R. 5, the Court hereby provides its explanation for denying the Defendants' request to waive their right to a jury trial. *Cf. Rieara v. People*, 57 V.I. 659, 668 (2012) ("meaningful review is not possible where the trial court fails to sufficiently explain its reasoning.").

## DISCUSSION

■ Trial by jury in criminal cases is a right guaranteed under the United States Constitution. CONST. art. 3, § 2; CONST. amend. VI. While that right is "fundamental to the American scheme of justice," *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968), it does not automatically apply to territories of the United States. *See Balzac v. Porto Rico*, 258 U.S. 298, 304-05, 42 S. Ct. 343, 66 L. Ed. 627 (1922). Thus, persons living in United States Territories do not

8

automatically receive the right to trial by jury. Instead, Congress must first extend the right to receive a trial by jury. *Dorr v. United States*, 195 U.S. 138, 149, 24 S. Ct. 808, 49 L. Ed. 128 (1904) ("We conclude that the power to govern territory, implied in the right to acquire it, and given to Congress in the Constitution in article 4, § 3 . . . does not require that body to enact for ceded territory not made a part of the United States by Congressional action, a system of laws which shall include the right of trial by jury, and that the Constitution does not, without legislation, and of its own force, carry such right to territory so situated."). Since right to trial by jury only applies in United States Territories to the extent Congress provides, the Court must consider relevant legislative history to determine whether the Defendants' request to waive their jury trial rights requires the consent of the People.

Congress first extended the right to trial by jury to the Virgin Islands in 1936 when it adopted an organic act to govern the Territory. Section 31 of the Organic Act of 1936 provided that

> [i]n any criminal case originating in said district court, no person shall be denied the right to trial by jury on the demand of either party: *Provided*, That if no jury is demanded the case shall be tried by the court without a jury: *Provided further*, That the judge of the district court may, on his own motion, order a jury for the trial of any criminal action: *Provided further*, That the respective municipal councils of Saint Croix and of Saint Thomas and Saint John, may provide for trial in misdemeanor cases by a jury of six qualified persons.

Organic Act of 1936, § 31,[1] 49 Stat. 1807, 1814, *codified at* 48 U.S.C. § 1406c, *superseded by* Revised Organic Act, § 26, 68 Stat. 497, 507 (1954), and *repealed by* Act of Oct. 19, 1982, § 307, 96 Stat. 1705, 1709. Section 31 clearly stated that either party could demand trial by jury in any criminal case that originated in the District Court of the Virgin Islands. In later revising the Territory's Organic Act in 1954, Congress left the language in

---

[1] As originally drafted, section 31 would have extended the right to trial by jury to "any case, civil or criminal." *See* 80 Cong. Rec. 6606, 8590 (1936). However, during consideration of Senate Bill 4524, Representative John J. Dempsey of New Mexico offered a committee amendment regarding section 31 which would strike out "the words case, civil or criminal, and insert in lieu thereof the words criminal case." 80 Cong. Rec. 8591 (1936) (internal quotations marks omitted). The amendment was agreed to without debate.

section 31 intact, but reordered that provision as section 26. *See generally* Revised Organic Act § 26, 68 Stat. 497, 507 (1954).

Four years later, Congress made further revisions to the Revised Organic Act. Among other changes enacted in 1958, Congress amended the first sentence of section 26 to state that "[a]ll criminal cases originating in the district court shall be tried by jury upon demand by the defendant or the Government." Act of Aug. 28, 1958, § 8, 72 Stat. 1094, 1095, *codified at* 48 U.S.C. § 1616. The reason for the amendment, according to Senate Report 85-2267, was to "clarif[y] section 26 of the Revised Organic Act of the Virgin Islands which concerns the right to trial by jury in criminal cases." S. Rep. No. 85-2267 (1958), *reprinted in* 1958 U.S.C.C.A.N. 4334, 4336. The need for this clarification was communicated to Congress "by requests from officials of the Virgin Islands Government, the Department of the Interior, and the United States Court of Appeals for the Third Circuit." *Id.* at 4335. For example, Olin Hatfield Chilson, Under Secretary of the Department of the Interior, had explained in a March 28, 1958 letter to Representative Claire Engle of California, chairman of the House Committee on Interior and Insular Affairs, that the Department of the Interior supported the proposed amendments to section 26. Chilson explained that the language extending the right to jury trial in the Virgin Islands

> was perpetuated from the 1936 Organic Act, with the apparent intention not to deny a trial by jury in criminal cases upon the demand of either the accused or the prosecution. If neither the accused nor the prosecution desires a jury, no right of either party would be denied in the trial of a criminal case without a jury. We believe that the provision now appearing in the act is ineptly worded and believe it is desirable to amend the sentence in the manner proposed . . . .

*Id.* at 4337-38. Similarly, the Honorable Albert B. Maris, judge on the United States Court of Appeals for the Third Circuit, explained in a June 20, 1958 letter to Representative Engle that he believed that section 26 of the Revised Organic Act should be revised because the language carried over from section 31 of the 1936 Organic Act was "extremely ambiguous and confusing." *Id.* at 4345. Judge Maris observed that the proposed revision — which Congress later adopted — "removes all ambiguity . . . by making it explicit that a jury trial shall be had if demanded by either the defendant or the government." *Id.*

10

Congress again amended the Revised Organic Act in 1968, revising section 3 — the Territory's "Bill of Rights" — to extend to the Virgin Islands the "first to ninth amendments inclusive" of the United States Constitution, directing that those amendments, including the Sixth Amendment's right to trial by jury, "shall have the same force and effect" in the Territory "as in the United States or in any State." *See* Virgin Islands Elective Governor Act of 1968, § 11, 82 Stat. 837, 841, *codified at* 48 U.S.C. § 1561. The 1968 amendment thus extended to persons living in the Virgin Islands the right "[i]n all criminal prosecutions . . . to a speedy and public trial, by an impartial jury." U.S. CONST. amend. VI. Congress did not clarify, however, whether section 26 continued to govern. As explained below, the Court concludes that it does in so far as the government's right to demand a trial by jury.

■ Generally the plain language of a statute controls how that statute is applied, particularly when the language at issue is clear. *Shoy v. People*, 55 V.I. 919, 926 (2011). If the statute's language is clear, the court's inquiry generally stops. *Id.* For this reason, the language of section 26 — directing that both the defendant and the government have the right to demand a trial by jury in all criminal cases — would appear to not apply in criminal cases brought in the Superior Court because section 26 clearly states "in the district court." However, while "literal interpretation of a statute is strongly favored," courts should not allow the plain language of a statute to control when "it is *uncontested* that legislative intent is at odds with the literal terms of the statute." *Murrell v. People*, 54 V.I. 338, 352 (2010) (internal quotation marks and citations omitted).

■ In *Murrell v. People*, the Supreme Court of the Virgin Islands concluded that uncontested legislative history revealed that Congress had amended section 26 "without the qualification that section 26 was intended only to apply to District Court proceedings." *Id.* at 353. In other words, despite the plain language of that statute stating "in the district court." section 26 of the Revised Organic Act applies in both the Superior Court of the Virgin Islands as well the District Court of the Virgin Islands. *Id.* at 354 ("we hold that section 26 is not limited only to cases originating in the District Court, but is also applicable to the Superior Court."). That finding, however, did not end the Supreme Court's "inquiry as to the source of the substantive right to a jury trial" in the Virgin Islands because Congress had extended the Sixth Amendment to the Virgin Islands through the 1968 amendment to section 3. *Id.* The Court reasoned that

11

"while section 26, prior to the 1968 amendment to section 3, conferred basic guarantees similar to those of the Sixth Amendment, the 1968 amendment to section 3 . . . conferred upon persons accused of crimes the right to trial by jury." *Id.* (internal quotation marks, ellipsis, and citations omitted). The Court then determined that it was uncontested that the legislative history of "the 1968 amendment to section 3 manifested Congress's intent for the substantive right to a jury trial in the Virgin Islands to be equivalent to that authorized under the Sixth Amendment." *Id.* at 355.

*Murrell* did not address, however, whether the government continues to have the right to demand a jury trial as Congress provided, first in section 31 of the 1936 Organic Act and then later in section 26 of the 1954 Revised Organic Act as amended. Instead, *Murrell* only addressed the defendant's right to trial by jury vis-à-vis section 4 of title 14 of the Virgin Islands Code, a statute that purportedly authorized Superior Court judges to limit in misdemeanor cases the term of imprisonment a defendant faced and thereby permit the court to conduct a bench trial. *See id.* at 347 ("Murrell, as his sole issue on appeal, contends that he is entitled to a new trial because the Superior Court violated his constitutional right to a jury trial when it invoked 14 V.I.C. § 4 to hold a bench trial instead of a jury trial."). The Supreme Court concluded that by invoking 14 V.I.C. § 4 and ordering a bench trial the Superior Court violated Murrell's Sixth Amendment right to trial by jury. *Id.* at 365-67. Although language in the Court's opinion could be viewed as resolving the question raised here — *see, e.g., id.* at 351 ("in Virgin Islands local courts *only the Sixth Amendment*, incorporated through section 3 of the ROA, establishes the *substantive* right to a jury trial." (emphasis added) (em dash omitted) — it is clear that the only right the Court considered and addressed in *Murrell* was the source of the criminal defendant's substantive right to a jury trial. *Id.* at 351-55.

Additionally, the legislative history discussed above clearly shows that both parties had the right to demand a jury trial in criminal cases under section 26, except that either party could forfeit that right by not invoking it. That intent was made clear when Congress amended section 26 in 1958. *See* 104 Cong. Rec. 19295, 19298 (1958) (statement of Rep. Claire Engle) ("The 1954 Organic Act was revised to . . . provide that criminal cases should be tried by jury if demanded either by the defendant or by the Government."). Although a criminal defendant's substantive right to

12

trial by jury is now governed by the Sixth Amendment under the 1968 amendment to section 3 of the Revised Organic Act — a right that attaches automatically without demand — nothing in the legislative history of the 1968 amendment reveals any intent by Congress to repeal or supersede the 1958 amendment. *See* 114 Cong. Rec. 17445, 17447-50 (1968) (noting important features of the Virgin Islands Elective Governor Act were direct election of governor, revising the law concerning the government comptroller, and removing restrictions on revenue bonds). In fact, the 1968 amendments were intended — as evidenced by the title given the legislation — primarily to extend to residents of the Virgin Islands the ability to elect their own governor.

██ Only when uncontested legislative history reveals an intent "at odds with the literal terms of the statute" should courts look beyond a statute's literal terms. *Murrell*, 54 V.I. at 352 (internal quotation marks and citation omitted). Here, no legislative history behind the 1968 amendment reveals any congressional intent at odds with the literal terms of section 26. That is, nothing behind Congress amending section 3 to extend the Sixth Amendment to the Territory reveals any intent to revise, supersede, or repeal section 26 as far the prosecution's right to demand a jury trial, particularly given that the 1958 amendment underscored Congress's intent to make clear that section 26 extended the right to demand a jury trial to the government as well as the defendant. Therefore, because *Murrell* holds that section 26 applies in the Superior Court of the Virgin Islands, and because section 26 grants the government the right in criminal cases to demand a jury trial, it follows that that right also applies to criminal cases brought in the Superior Court by the People of the Virgin Islands.

█ Having determined that the People have the right to demand a trial by jury in criminal cases in the Superior Court under section 26 of the Revised Organic Act, the Court must next consider if the Defendants' request to waive their right to trial by jury also requires the consent of the People. In formally waiving his client's right to trial by jury, counsel for Defendant Rivera observed that both the Defendants and the People must waive their respective rights to trial by jury. Counsel for the People explained, however, that Federal Rule of Criminal Procedure 23(a) governed that process and required that the People consent to the Defendants' waiver. Because, as explained below, Rule 23(a) no longer applies in the District Court of the Virgin Islands, that rule cannot apply

13

in the Superior Court. Similarly, as no other rule currently establishes a procedure for both parties to waive their respective rights to trial by jury, the Court concludes that section 26 itself governs the procedure for waiving the right to trial by jury in criminal cases.

 In *Government of the Virgin Islands v. Parrott*, 476 F.2d 1058, 1060, 10 V.I. 564 (3d Cir. 1973), *cert. denied*, 414 U.S. 871, 94 S. Ct. 97, 38 L. Ed. 2d 90 (1973), the United States Court of Appeals for the Third Circuit addressed "whether the procedure for determining whether or not the defendant desires to exercise his right to a jury trial in a criminal case in the District Court of the Virgin Islands is governed by Rule 23(a) . . . or by section 26 of the Revised Organic Act." The court concluded that by enacting the 1958 amendment to section 26, Congress superseded the application of Federal Rule of Criminal Procedure 23(a) in the District Court of the Virgin Islands. *Id.* at 1061. In other words, *Parrott* holds that Federal Rule of Criminal Procedure 23(a) does not apply in the District Court. As noted above, *Murrell* was presented with the question whether 14 V.I.C. § 4 could be invoked to deny a defendant a trial by jury for non-petty offenses. Thus, neither *Murrell* nor *Parrott* addressed whether the 1968 amendment affected the government's right to demand a trial by jury as provided in section 26.[2] Nevertheless, because it has not been overruled, *Parrott* remains binding on the District Court of the Virgin Islands. To that end, *Parrott* also remains binding on the Superior Court in so far as it holds that Federal Rule of Criminal Procedure 23(a) does not apply in the District Court of the Virgin Islands. *See Najawicz v. People*, 58 V.I. 315, 327-28 (2013) (clarifying that decisions of the Third Circuit serving as the de facto court of last resort for the Virgin Islands remain binding on the Superior Court absent contrary precedent from the Virgin Islands Supreme Court). And while Superior Court Rule 7 allows for the practice and procedure in the Superior Court to be "governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court . . . [and] the Federal Rules of Criminal Procedure," Rule 7 does not allow the Superior Court to apply a

---

[2] While *Parrott* did acknowledge the 1968 amendment to the Revised Organic Act, it expressly declined to address the effect of that amendment on section 26. *See Parrott*, 476 F.2d at 1060 ("The question before us, however, is not the existence of the right to trial by jury but rather the procedure by which an accused may exercise his option whether or not to invoke the right.").

procedural rule that the District Court itself cannot apply. In other words, if *Parrott* prevents the District Court from applying Federal Rule of Criminal Procedure 23(a) to criminal cases brought in that court, the Superior Court cannot use Rule 7 to apply that same rule in to criminal cases brought in this court, particularly as the intent behind Rule 7 was to ensure that the Superior Court's rules are "as consistent as possible with those in the District Court." *Gov't of the V.I. v. Thomas*, 32 V.I. 64, 66-67 n.2 (Terr. Ct. 1995) (discussing 1994 amendments to then-Territorial Court Rules). For these reasons, Federal Rule of Criminal Procedure 23(a) — a rule that does not apply in the District Court pursuant to *Parrott* — cannot apply in the Superior Court through Superior Court Rule 7.

█ Additionally, while the Court in *Murrell* held that the Superior Court was "obligated" to apply Local Rule of Criminal Procedure 23.1, through Superior Court Rule 7, because that rule "established a clear procedure for how the right to a jury trial could be waived after it has been invoked," *Murrell*, 54 V.I. at 364, that holding has since been limited as the District Court amended its rules in October 2008 to remove Local Rule 23.1. *Id.* at 364 n.15. As with Federal Rule of Criminal Procedure 23(a), the Superior Court cannot use Superior Court Rule 7 to essentially revive a rule that no longer exists and therefore Local Rule of Criminal Procedure 23.1 cannot apply through Rule 7.

█ Because the Superior Court does not have its own rule governing the procedure for waiving the right to trial by jury, and because no rule can apply through Superior Court Rule 7, section 26 of the Revised Organic Act must govern that process. Section 26 of the Revised Organic Act, as amended, provides that

> [a]ll criminal cases . . . shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded, the case shall be tried by the judge . . . without a jury, except that the judge may, on his own motion, order a jury trial for the trial of any criminal action.

48 U.S.C. § 1616. While the defendant's right to a jury trial attaches automatically under the Sixth Amendment because of the 1968 amendment to section 3 of the Revised Organic Act, the government's right to demand trial by jury remains governed by section 26. That section does not set a time limit or timeframe for what phase of the criminal case the right to demand a trial by jury must be exercised. Although the Defendants' right to trial by jury

15

attached automatically when the People filed felony charges against them, each Defendant nevertheless demanded a trial by jury at arraignment. (*See* Arraignment & Detention Hr'g Tr. 7:15, 8:1, 8:10, 8:20-21, & 10:4 Feb. 29, 2012.) The People did not. Once the Defendants had demanded a jury trial it was unnecessary for the People to demand a jury trial as well, particularly since the Court granted each Defendant's request for a speedy trial by jury. And while the People did not exercise their right to trial by jury at arraignment, they did later exercise that right when counsel stated on the following morning after the Defendants had formally waived their right to trial by jury that the People wanted a trial by jury. The Court construed that statement as the People invoking their right to demand trial by jury. Because both parties did not waive their respective rights to trial by jury, the Court had no option but to deny the Defendants' request for a bench trial and proceed with jury selection. Because section 26 does not identify when the government must exercise its jury trial demand, the Court concludes that a demand made following the Defendants' waiver was proper here.

 The common law does not "recognize that defendants ha[ve] the right to choose between court and jury trial." *Singer v. United States*, 380 U.S. 24, 26, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965). In fact, "the Constitution neither confers nor recognizes a right of criminal defendants to have their cases tried before a judge alone." *Id*. As the Supreme Court of the United States explained in *Singer*:

> A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury — the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

*Id*. at 36. This legitimate interest of the government is even more compelling in the Virgin Islands because Congress expressly granted the government the right to demand a jury trial in criminal cases. While section 26 previously provided that a bench trial would occur by default unless either the defen-

dant or the government demanded a jury trial, that default position is no longer the law following the 1968 amendment to section 3. Instead, for serious offenses such as murder in the first degree the default position is now trial by jury unless affirmatively and knowingly waived by the defendant. *Murrell*, 54 V.I. at 363-65. However, the default position still holds for the government's right. That is, unless the People demand a trial by jury, a criminal defendant's waiver of his jury trial right is subject only to the discretion of the judge.

Lastly, while the Supreme Court did acknowledge in *Singer* that "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial," 380 U.S. at 37, here none of the Defendants through counsel sought to substantiate their reasons for believing that pretrial publicity would essentially result in them being denied the right to an impartial trial. While situations might arise, especially in a relatively small jurisdiction as this, "where passion, prejudice, public feeling or some other factor may render impossible or unlikely an impartial trial by jury," *id.* at 37-38 (ellipsis and internal quotation marks omitted) (second comma added), the defendant must present those concerns to the court. *See, e.g., Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 2915-16, 177 L. Ed. 2d 619 (2010) (noting factors to consider in determining effect of pretrial publicity include size and characteristics of the community where the crime occurred, extent of pretrial publicity specific to each defendant; and length of time between publicity regarding the crime and trial); *see also Mu'min v. Virginia*, 500 U.S. 415, 428-30, 111 S. Ct. 1899, 114 L. Ed. 2d 493 (1991). Here, counsels for the Defendants merely asserted their belief that the responses and reactions of some of the venire members — when questioned whether they had previously heard about this matter from an outside source — would render trial by jury impossible or unlikely, but without referring the Court to any of the *Skilling* factors such as the size of the jury pool on St. Croix, the extent of the pretrial publicity, or whether those reports contained "blatantly prejudicial information of the type readers or viewers could not reasonably be expected to shut from sight." *Skilling*, 130 S. Ct. at 2916. Accordingly, because counsel for the Defendants did not move the Court to disregard the People's demand for a trial by jury or attempt to show how the People's insistence on a trial by jury would result in

17

them being denied an impartial trial, *Singer*, 380 U.S. at 37, the Court denied the Defendants' request to proceed with a bench trial.

## CONCLUSION

For the reasons stated above, the Court concludes because section 26 of the Revised Organic Act applies to the Superior Court of the Virgin Islands, and because section 26 grants the government the right to demand a jury trial in criminal cases, the People of the Virgin Islands have the right to demand trial by jury as provided in section 26 of the Revised Organic Act. Accordingly, because both the defendant and the People have the right to a jury trial, both parties must waive their respective rights before the court can conduct a bench trial. That did not occur and therefore the Court denies the request for a bench trial.