

**FILED**
June 09, 2023 02:38 PM
SX-2009-CV-00291
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **RUBIANN NIEVES**<br><br>PETITIONER<br><br>v.<br><br>**COMMISSIONER OF LABOR, VIRGIN ISLANDS DEPT. OF LABOR AND BANCO POPULAR DE PUERTO RICO.**<br><br>RESPONDENTS | **SX-09-CV-291**<br><br>**Petition For Writ of Review** |

*Cite as: 2023 VI Super 32P*

*APPEARANCES:*

*Law Office of K.G. Cameron*
Attorney K. Glenda Cameron, Esq.,
#2006 Eastern Suburb, Suite 101
Christiansted, St. Croix, U.S.V.I. 00820

*Attorney Micol Morgan, Esq.,*
The Tunick Building, Suite 201
#1336 Beltjen Road
St. Thomas, U.S.V.I. 00802

*Jomo Meade, Senior Sitting Judge*

### MEMORANDUM OPINION

¶ 1.     **THIS MATTER** is before the Court on a Petition for a Writ of Review filed by Petitioner, Rubiann Nieves (hereinafter "Nieves"), requesting that this Court reverses the decision of the Administrative Law Judge affirming the adjudicator's decision to deny her application for unemployment benefits. For reasons given, Nieves' request for relief is denied.

1

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

## Factual and Procedural Background

¶ 2.　　　Nieves was an employee of Banco Popular de Puerto Rico (hereinafter "Bank") as a bank service representative or teller. On November 19, 2008 Nieves was involved in a transaction with another bank representative in which Nieves requested that the other bank representative transferred cash to Nieves in the amount of Two Thousand ($2000.00) Dollars. According to the Bank's policy, when such transfers, called interdepartmental transfers, are undertaken, a certain procedure is to be followed. The procedure requires that the bank representative who needs the cash make a written request and submit it to the main bank representative or the representative from whom the cash is requested. The representative who provides the cash will initiate an interdepartmental transfer ticket (IDT) which is sent electronically to the representative receiving the cash. The representative who receives the cash should verify the amount received and respond to the IDT confirming receipt of the cash. To complete the transaction, the representative transferring the cash is required to sign the credit sheet of the representative receiving the cash while the representative receiving the cash signs the debit sheet of the representative who transferred the cash. As it turned out, the cash was transferred to Nieves, but the IDT process was never implemented. At the end of the day, the Nieves' cash balance reflected an excess of two thousand eight dollars and ninety-three cents ($2008.93) while the cash

2

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

balance of the representative from whom Nieves received the cash showed a deficit of One Thousand Nine Hundred and Fifty-One Dollars and Seventy-Six Cents ($1,951.76). Initially the bank representatives had forgotten the earlier cash transfer but later informed the assistant bank manager that the transfer may have been the reason for the cash balance discrepancies. As a result of this incident, the Bank terminated Nieves' employment on December 5, 2008.

¶ 3.     The Bank also has a policy against periodic or accumulated cash balance discrepancies. Under this policy, bank representatives are prohibited from having more than 36 cash balance differences of greater than $5.00 over a twelve-month period. Accumulated cash balance differences in excess of six hundred dollars over a twelve-month period invoke remedial or disciplinary action by the Bank.

¶ 4.     Nieves filed a claim for unemployment benefits on January 9, 2009. On March 20, 2009, an adjudicator for the Virgin Islands Employment Security Agency determined that Nieves was ineligible for benefits because she was terminated for misconduct. The adjudicator found that Nieves was terminated for repeated violation of the Bank's policies and procedures and that Nieves had received several warnings before being terminated. Nieves appealed the decision of the adjudicator, and a hearing was convened before an Administrative Law Judge (ALG) on April 28, 2009. After taking the testimony of witnesses and documentary evidence, the

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

ALG affirmed the decision of the adjudicator, issuing an opinion on May 12, 2009. Nieves filed her Petition for Review with the Superior Court on June 12, 2009.

## Jurisdiction and Standard of Review

¶ 5.	The Superior Court has jurisdiction to hear and review final decisions of administrative agencies. *Title 5 V.I.C §1421 to 1423* and *Superior Court Rule 15*. This Court has jurisdiction to hear this Petition for Review since it is a final decision of the ALJ, and Nieves filed her Petition within thirty days of the issuance of the decision of the ALJ. *Title 24 V.I.C. § 306(e)(1)*. On a petition for review, the Superior Court functions in the capacity of an appellate court. *V.I. Gov't Hospitals & Health Facilities Corp. v. Gov't of the V.I.*, 47 V.I. 430, 436 (Super. Ct. 2006). In reviewing a hearing officer's decision relating to unemployment benefits, the Court is confined to questions of law. *Holder v. V.I. Unemployment and Sec. Agency*, 2014 V.I. LEXIS 13 (Super. Ct. 2014). Absent fraud, the hearing examiner's findings of fact shall be conclusive if supported by substantial evidence. *Title 24 V.I.C. §306(e)(3)*; *Jackman v. Heyliger* 20 VI 536, 537(DVI 1984). The determination of what amount of evidence is substantial is a matter of law to be determined by the Court upon a considered evaluation of the entire record. The Court is only to determine whether there is substantial evidence on the record to support the facts found by the administrative agency below. *Antilles Auto v. Dept. of Labor*, 1998 VI.

4

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

LEXIS 42(Terr. Ct. 1998). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate proof to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971).

## DISCUSSION

### A. Basis For Denying Unemployment Benefits

¶ 6.        Under *24 V.I.C. § 304(b)*, an applicant is disqualified from receiving unemployment benefits if he or she was terminated for misconduct connected with his or her most recent work. Misconduct is defined as an act of wanton or willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard for the standard of behavior which an employer has the right to expect from an employee or negligence indicating an intentional disregard of the employer's interests or employee's duties and obligations to the employer. *Heyliger* at 538-39. In the opinion affirming the denial of employment benefits, the ALJ stated:

> Moreover, it is the understanding of this forum that this case is about the Claimant being disciplined and terminated for not complying with the Employer's Rules of Conduct and Operating Procedures. Simply put, the bank's cash Transfer/IDT procedures were not utilized on November 19, 2008 when the Claimant sought to receive $2000.00 from another bank representative without documenting her request and seeking a prompt IDT response in order to

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

complete the process. The actions of the Claimant on the morning of November 19, 2008 were not in accordance with the rules and policies of the bank, as they were against the interests and expectations of the Employer.

¶ 7.     The record indicates that Nieves, Sarah Gilbert, the bank representative who provided the cash to Nieves, and the assistant bank manager were among the witnesses who testified at the hearing. The record also indicates that Nieves was well aware of the requirement to implement the IDT procedure for cash transfers and of the Bank's policy regarding cash balance discrepancies. In addition, the record indicates that Nieves was issued written reprimands for violation of the Bank's rules and code of conduct on other occasions. Based on the evidence, the ALJ concluded that Nieves' engagement in a cash transfer transaction in which the IDT process was not implemented constitutes misconduct.

## B. Nieves' Challenge to the Finding of Misconduct

¶ 8.     Nieves raised several arguments in her challenge to the decision of the ALJ. First, she argues that her involvement in the cash transfer transaction does not constitute misconduct. That is, Nieves contends that her role in the IDT process was not to initiate it but to respond to it. Since an IDT was not initiated, her failure to respond to one could not have constituted misconduct. The ALJ determined that since Nieves was aware that a cash transfer transaction without an IDT was in violation of the

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

Bank's policy, her involvement in the transaction constituted misconduct. Accordingly, Nieves' violation is not confined to whether she was required to initiate the IDT but extended to whatever way she was involved in the transaction. In fact, the ALJ specifically noted that Nieves did not document her request for the cash in writing as the policy requires. The ALJ also identified Nieves' failure to make a written request for the cash as an element of the violation.

¶ 9.     Second, Nieves contends that she was singled out for termination because the bank representative who was involved in the same transaction was required to initiate the IDT was not terminated. At the hearing, the ALJ was presented with evidence that the Petitioner had been given warnings in the past, including written reprimands, indicating that her conduct was in violation of the Employer's rules, policies and procedures. In fact, the evidence in the record indicates that Nieves was issued a written reprimand on November 14, 2008 and was advised that this was her final warning before termination. The ALJ determined that Nieves was terminated not merely for her actions of November 19, 2008 but pursuant to the Employer's progressive disciplinary process after repeated violations of the rules, policies and procedures of the Employer.

¶ 10.     Third, Nieves argues that that the ALJ erred in its factual findings. Specifically, she contends that the ALG failed to recognize the proper sequence of events that constituted the IDT procedure and based her

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

decision on the mistaken or erroneous claim that Nieves was required to initiate the IDT process. Contrary to Nieves' argument, the ALJ recognized the sequence of events of the IDT procedure. However, the ALJ noted that Nieves made a verbal rather than a written request for the cash and further engaged in a transaction that was in violation of the Bank's policy. The ALJ took note of the fact that Nieves was not the only culpable employee and recognized that the procedure required the other bank representative to electronically initiate the IDT. However, the ALJ determined that the culpability of the other employee did not absolve Nieves' misconduct of knowingly engaging in a transaction that was in violation of the Bank's policy.

¶ 11.    Fourth, Nieves contends that there was substantial evidence in the record that would support a decision in her favor but the ALJ erred by giving greater weight and credibility to the testimony of the assistant bank manager than was given to the testimony of Nieves and Sarah Gilbert. This Court, with its limited scope of review, can simply not say that a decision of a hearing officer giving credence to the testimony of the witness present and participating in the actual events at issue is not based on substantial evidence. _Hess Oil V.I. v. Gov't of the V.I. Dep't of Labor_, 1983 U.S. Dist. LEXIS 20510, at *3 (D.V.I. 1983). The ALJ noted that there was conflicting testimony as to the time that the assistant manager was informed of the undocumented cash transfer and the remedial measures

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

undertaken to rectify the cash balance discrepancy. Nieves insists that the assistant manager was informed of the of the undocumented cash transfer as the reason for the cash balance discrepancy on November 19, 2008 but did not rectify the discrepancy on the same day. In addition, she contends that when the remedy was attempted on the following day it was done improperly making it appear that her accumulated cash discrepancy was greater than it would have actually been. The ALG concluded that the assistant manager was not informed of the cash transfer on the same day that it occurred. The ALJ also determined that the evidence presented in relation to the efforts to rectify the cash balance discrepancies indicate that Nieves' discrepancies were excessive by the standard of the Bank's established policy. Accordingly, the ALJ determined that Nieves violated the Bank's policies, both in terms of her engagement in the transaction on November 19, 2008 and in terms of her accumulated cash discrepancies over a given period. The ALG based her findings of fact on the evidence in the record. This Court has no authority to disturb the ALJ's factual findings in the absence of fraud.

## C. The Substance of the Evidentiary Record

¶ 12.  This Court's role in reviewing a determination in an unemployment case is limited to whether there is substantial evidence in the record to support the facts as found by the agency below. *Antilles Auto v. Gov't of the V.I. Dept. of Labor.* 1998 VI LEXIS 42 (Terr. Ct. 1998). The ALJ's finding

9

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

of facts was supported by evidence which revealed that Nieves engaged in a cash transfer transaction with another bank representative that did not involve the IDT process mandated by the Bank's policy for such cash transfers. Nieves did not deny her engagement in the transaction. However, she contends that the facts clearly show that she was not required to initiate the IDT process and therefore her involvement does not constitute misconduct. Accordingly, Nieves argues that in light of the evidence which establish that she was not required to initiate the IDT, there was substantial evidence upon which the ALJ could find in her favor. However, besides the events of November 19, 2008 there was other evidence in the record to support the ALJ's decision.

¶ 13.    The record indicates that Nieves admitted to being engaged in the transaction at issue. The record also indicates that she was given training in the Banks financial practices and policies and was fully aware that engaging in such a transaction without implementing the IDT process was a violation of the Bank's policy. It is misconduct for an employee to engage in conduct of which the employee is aware violates the employer's rules. *Heyliger* at 539. The record further reveals that Nieves had been given remedial exercises, prior warnings, reprimands, and other disciplinary measures in relation to her instances of conduct which violated the Bank's rules, policies, and procedures. An employee's engagement in conduct which violates the employer's rules after being given prior warnings and

10

Rubiann Nieves v. Commissioner of Labor,
VI Department of Labor and Banco Popular de Puerto Rico
SX-2009-CV-291
ORDER

Cite as: 2023 VI Super 32p

directives constitute misconduct. *Holder v. VI Unemployment Sec. Agency.*

2014 VI LEXIS 13 (Super. Ct. 2014)

## CONCLUSION

There is substantial evidence from which the ALJ could find that Petitioner committed misconduct during her employment with the Bank. Accordingly, the decision of the ALJ is affirmed.

**DONE AND SO ORDERED** this **9th** day of June 2023.

_____
**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

A T T E S T:

**TAMARA CHARLES**
Clerk of the Court

By: _____

Court Clerk ~~Supervisor~~